MARGARET E. CLARK ET AL. *v.* HENRY DUKE ET AL.

1. PRACTICE. *Change of defence. Laches.*
   After a decision of the Supreme Court, reversing a judgment in favor of the defendant in ejectment, shows that he cannot prevent recovery, he may be refused leave to substitute " denial of possession," for his plea of " not guilty," but it seems that he may free himself from further cost by abandoning the defence.

2. JUDGMENT. *Lien. Priority. When effective. Rendition.*
   In a contest for priority between a judgment and a conveyance by the judgment debtor, the lien of the former takes effect from the rendition by the ·judge, and not from the time of signing the minutes of the court.

3. SAME. *Fraction of day. Presumption. Burden of proof.*
   If the vendee under the conveyance seeks to avail himself of a fraction of a day, as for instance that the deed was recorded at 12 M. before the judgment was rendered, he must show this; and the presumption is that the rendition was at the earliest hour possible.

4. SAME. *Notice. Assignee.*
   The assignee of a judgment is not affected by his assignor's notice, before its rendition, of an unrecorded deed, but he must have the notice himself    *Duke* v. *Clark*, 58 Miss. 465, affirmed.

APPEAL from the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge, did not preside at the trial of this case, but W. L. CLAYTON acted as judge *pro hac vice.*

After the reversal of the judgment in favor of the defendants in ejectment, the widow and heirs of Duncan Clark, upon their joint plea of " not guilty " (58 Miss. 465), the widow moved for leave to substitute the plea that she never had possession ; but, notwithstanding evidence that her joinder in the former plea was unauthorized and that the latter plea was true, the court refused her leave to so change her defence. At the trial which followed, upon the evidence stated in the opinion, the verdict was for the plaintiffs.

*E. M. Watson*, for the appellants, argued orally and in writing.

1. Leave should have been given Mrs. Clark to plead the truth upon her showing that the plea of " not guilty " was filed without authority from her. The appellees had suffered no injury by the mistake. It is intolerable that she should be held in a litigation where she has no interest as a hostage for costs. Filing the new plea was an amendment which should have been allowed. *Shropshire* v. *Probate Judge*, 4 How. 142.

2. The lien of a judgment commences from its entry on the minutes. *Burney* v. *Boyett*, 1 How. 39; *Smith* v. *Ship*, 1 How. 234. Altering the word " enter " into " render " in the statute does not change the rule. *Reed* v. *Haviland*, 38 Miss. 323 ; Freeman on Judgments, §§ 344, 369. When the judgment is entered, the lien does not date back to the time of its announcement. *Pearson* v. *Darrington*, 21 Ala. 169 ; Freeman on Judgments, §§ 344, 369. If the lien can relate back a minute, it may for a year. A court speaks only through its minutes. Until entry a judgment will not support an execution. What becomes of the policy of the registry law, if a recorded deed can be defeated by an unentered judgment? If an entry is essential as proof of the judgment's existence, the judgment cannot be shown before the entry. Notes on the judge's docket prove nothing ; for, if the clerk had not made the entry, a judgment at a subsequent term would not have related back.

3. That part of the opinion upon the former appeal, *Duke* v. *Clark*, 58 Miss. 465, which holds that the assignee is unaffected by notice to his assignor, the judgment creditor, before rendition of the judgment, proceeds upon a misconception of the

subject-matter of such an assignment. Mary Anderson, the judgment creditor, had notice of the unrecorded deeds before rendition of her judgment, which was therefore not a lien on the land conveyed. The subject-matter of Duke's contract with her was this judgment. Their contract as to this subject-matter was, that she parted with the title which he acquired to it. The judgment was not altered by the changed relations of the parties. That was impossible. The assignment or change of ownership could not alter the subject-matter and add to it a lien any more than a sale of land can raise upon it a hill or add beauty to its valleys.

*Houston & Reynolds*, for the appellees.

1. Duncan Clark's widow is a necessary party, and her application was properly refused, because unseasonable and because it presented an immaterial issue.

2. In the absence of proof, the law presumes that the judgment was rendered at the earliest possible moment of the day of its date. *Edwards* v. *Reginam*, 9 Exch. 628; *Bigelow* v. *Willson*, 1 Pick. 485. A judgment is a judicial act, its entry on the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered. Freeman on Judgments, § 38, and authorities cited; *Massey* v. *Johnson*, 12 East, 67, 74; *Walrod* v. *Shuler*, 2 N. Y. 134. In considering this question, it is needless for us to discuss whether a judgment rendered, but never entered, is operative, or the effect of a "*nunc pro tunc*" judgment. The case which is presented is the rendition of a judgment and its entry upon the minutes on the same day in which it is proved to have been rendered. Such a judgment becomes operative from the time of its rendition when this is shown by testimony; and, if there is no testimony, it becomes operative by a legal fiction from the first moment of the day of its rendition. Since the Code of 1857, and for some time prior thereto, judgments are a lien from the date of their *rendition*. Under the Act of 1822, they are a lien from the time of *entering* such judgments. *Burney* v. *Boyett*, 1 How. 39; *Reed* v. *Haviland*, 38 Miss. 323.

3. The fallacy of the third argument for the appellants consists in the assumption that the judgment without a lien was the subject-matter of the transfer. The subject-matter was a judg-

ment with a lien; but there was a secret equity in favor of Clark which destroyed it as to him because of the notice to Mary Anderson. The purchaser without notice took freed of this equity. No well-considered case can be found in conflict with the opinion of this court on this question. To the authorities cited in the former opinion we add the following. *Moore* v. *Holcombe*, 3 Leigh, 597; *United States* v. *Sturges*, 1 Paine, 525; *Livingston* v. *Dean*, 2 John. Ch. 479. Counsel for the appellants is not sustained as we think in principle, certainly not by authority.

CAMPBELL, C. J., delivered the opinion of the court.

The Circuit Court was justifiable in refusing to permit Mrs. Clark to change her defence, by a denial that she was in possession of the land at the commencement of the action as to her. That would have changed the issue to be tried, and her application should have been made sooner. If her application had been to yield to the demand of the plaintiffs, and make no further defence, the complaint of her counsel that she was denied the privilege of freeing herself from further cost would have been just, but this was not the application she made.

The deeds from W. A. Anderson were filed for record about 12 o'clock M. of Nov. 19. The judgment of Mary Anderson against him was rendered on the same day, and was afterwards duly enrolled on the judgment roll, so as to be a lien from its date. The question is as to the relative priority of the deeds and the judgment. The testimony shows that the circuit judge had noted on the docket the judgment at an hour earlier than that when the deeds were filed for record. It is not shown when the judgment was entered on the minutes of the court. An effort was made by the appellants to show that it was the custom of the office to enter at night the judgments rendered during the day, but this was not permitted by the court. When was the judgment rendered, and from what moment was it a lien? Was it from the time of its being entered on the minutes, or from the moment when declared by the court, or from the first moment of the day of its rendition or the last? The judgment was required to be entered on the minutes of the court, ready for the signature of the judge,

" against the next sitting of the court," when they were to be signed by the judge.  Code 1857, p. 481, art. 23.  The court might not sit again for many days, and might then proceed to business on a subsequent day within the term ; and, if the clerk had the minutes drawn up against that sitting, the law would have been complied with.  In such case would the judgment contained in such minutes be a lien only from the time of entry in the minutes or of their being signed by the judge ? The law made it a lien " from the rendition thereof."  Code 1857, p. 524, art. 261.  The time of the rendition of a judgment is when the court signifies its assent to the sentence of the law as the result of proceedings in the case.  The judgment must be evidenced by the record, but, when entered according to law, it must be considered to have existed from the time when it was given by the court.  That is open to investigation, so as to ascertain the particular time of the day when a judgment was given, and prevent the injustice of affecting innocent third persons with the lien of a judgment which had no existence.

In the absence of evidence of the precise time when a judgment was given, it would be presumed to have been at the earliest hour when, according to the course of the court, it might have been given, because, without evidence, it cannot be said it was not given at such hour, and it devolves on him who claims precedence of the judgment, by reason of a fraction of a day, to maintain his claim by evidence of the time of its rendition.  This view sustains the exclusion of the evidence offered to show that the entry of the judgment on the minutes was made at night, and maintains the precedence of the lien of the judgment over the claim of the grantees in the deeds of W. A. Anderson.

It was shown that the plaintiff in the judgment had notice at the time of obtaining it that W. A. Anderson had made the conveyances of the land, but the evidence did not tend to show that the assignee of the judgment had such notice, and it was properly excluded.  *Duke v. Clark*, 58 Miss. 465.

*Judgment affirmed.*