UNIAS LUNENBERGER *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Justice of the peace.   Judgment.   Failure to enter.*

> The failure of a justice of the peace, for the lapse of several days after a trial and conviction and the adjournment of his court, to enter judgment against the accused, being merely clerical, affords no ground for the offender's discharge.

FROM the circuit court of Pike county.
HON. W. P. CASSEDY, Judge.
The opinion states the case.

*Mixon & Lotterhos*, for the appellant.

The appellant should have been discharged on his motion to that end. The testimony showed that neither the verdict nor judgment were entered by the justice of the peace until several days after the adjournment of the term at which appellant was tried, and no memorandum whatever of the result of the trial being made on his docket. *McQuillen* v. *State*, 8 Smed. &

M., 587; *Gray* v. *Thomas*, 12 *Ib.*, 111; *McCurthy* v. *State*, 56 Miss., 294; *Shackelford* v. *Levy*, 63 *Ib.*, 125.

*Wiley N. Nash, Attorney-general,* for the state.

The cases cited on behalf of appellant have no application, as they all relate to the judgment of the circuit court, and not of a justice of the peace. A justice of the peace is required to keep a docket for civil and criminal matters. As to the latter, his court is always open, and warrants may be made returnable before him at any time. Code 1892, §§ 2397, 2421. It would be against public policy to enforce, as to justices of the peace, the strict requirement involved in the appellant's contention. See *Prewett* v. *Nash*, 50 Miss., 584. The law prescribes no time within which they shall make entries on their dockets.

WOODS, C. J., delivered the opinion of the court.

The motion of the defendant to be discharged, because of the failure of the justice of the peace to perform the mere clerical act of entering up the judgment actually rendered for two days, was properly overruled. The entry of the judgment which had been rendered was merely clerical, and, in this case, it is undisputed that the judgment was really rendered, and that a proper notation of the justice's action was then made in writing, and was transcribed in the docket two days later. See *Conwell* v. *Kuykendall*, 29 Kan., 707; Freeman on Judgments, sec. 53*a*, and cases there cited; 12 Am. & Eng. Enc. L., 459, and cases cited.

But the point seems to be definitely settled in this state in the case of *Swain* v. *Gilder*, 61 Miss., 667. Said Cooper, J., speaking for the court: "Judgments taken before justices of the peace are liberally construed by the courts, because of the unlearned character of the men by whom the office of justice is frequently filled, and because the justice, in entering the judgment, is performing a merely clerical duty. . . . If, all the facts being found, nothing was left but the clerical duty

of entering up a final judgment, which it was the duty of the justice to perform in his clerical capacity, and the justice ignorantly failed to enter such judgment, but dealt with the record as completed, then the judgment, however irregular, informal, or defective, will be upheld.''

The evidence of the witnesses, Coney and Safford, was competent. The evidence of these witnessess was not offered to show other and independent sales than that particular one for which the state prosecuted, but the purpose was merely to prove the intoxicating quality of the beverage sold, and this was legitimate.

*Affirmed.*