WELCH *v.* KROGER GROCERY Co. *et al.*

(Division B. Nov. 29, 1937.)

[177 So. 41. No. 32910.]

Jas. A. Cunningham, of Booneville, and Chas. L. Neely and Robinson & Robinson, all of Memphis, Tenn., for appellant:

E. C. Sharp, of Booneville, and Emmett W. Braden and Ceylon B. Frazer, both of Memphis, Tenn., for appellees:

Argued orally by **Emmett Braden** for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant is a resident of Shelby county in the state of Tennessee. Appellee company is a corporation of the state of Ohio, but operates grocery stores in several

states, including Mississippi and Tennessee. One of these stores is located at 1725 Poplar avenue, Memphis, Tenn. On March 9, 1935, appellant was seriously injured on the sidewalk in front of the said store, as a proximate consequence, as he avers, of the negligence of the agents and managers of the store. On April 30, 1935, appellant filed suit against appellee company in the circuit court of Shelby county, in Tennessee, for the recovery of damages for said injury, but took a nonsuit as hereinafter mentioned.

Thereafter, on February 11, 1936, appellant filed his bill in the chancery court of Prentiss county in this state by way of attachment in chancery; the bill seeking to recover damages for the same injury above mentioned, and the attachment was served on the employes of one of appellee's stores in that county. Appellee company answered, and incorporated in its answer the following matter of plea: "That heretofore, on or about April 30, 1935, the complainant filed suit against this defendant on the same cause of action that is set out in the original (present) bill, in the circuit court of Shelby County, Tennessee. . . . That said cause came on for trial on January 30, 1936, and at the conclusion of the plaintiff's proof, the court was in the act of granting to this defendant a motion for a directed verdict; that before said motion could be properly entered the plaintiff took a voluntary non-suit."

When the cause came on for hearing in the chancery court of Prentiss county, the plea matter above set out was first and separately presented to the court, as provided by our present chancery practice statutes, and upon the argument thereof, both orally and by briefs, the chancellor sustained the plea and dismissed the bill, in which action we think he was correct.

Our court has frequently held, and we believe it is the rule everywhere, that actions in tort are governed by the law of the place where the injury occurred; and it

was held in Shaw v. Cable Co., 79 Miss. 670, 31 So. 222, 56 L. R. A. 486, 89 Am. St. Rep. 666, that when, under the decisions of the state where the injury occurred, no liability against the defendant exists, no suit will be entertained here to enforce an asserted liability, although under our own laws such a liability would exist. It will be noted that the Tennessee court, at the conclusion of the testimony, "was in the act of granting to the defendant a motion for a directed verdict," and that before the formalities of entry could be accomplished the plaintiff took a nonsuit. It is the import of this language that the court had announced its decision or conclusion, or signified its assent that a directed verdict was proper and would be granted, otherwise it could not have been in the act of so granting.

In courts of law, the judgment is rendered when the court signifies its assent to the sentence of the law as a result of the proceedings in the case, Clark v. Duke, 59 Miss. 575, 579; or, as otherwise stated, a judgment at law is the pronouncement thereof at the conclusion of the trial, Simpson v. Boykin, 118 Miss. 701, 718, 79 So. 852. The entry of the judgment is a clerical or ministerial act, to be performed by the clerk, and is not the judicial act. Cresswell v. Cresswell, 164 Miss. 871, 879, 140 So. 521, 141 So. 41. This is the rule in all common-law states, save as modified by statute; the rule being further that upon rendition, without entry, the judgment is valid and binding between the parties. See text and numerous cited cases, 34 C. J. pp. 44 et seq. But by statute, both in this state, section 594, Mississippi Code 1930, and in Tennessee, section 8816, Tennessee Code 1932, the plaintiff may take a nonsuit at any time before the jury retires to consider its verdict, and this is true although the court has orally announced its decision and judgment, if nothing further than the oral announcement has been done by the court.

The effect of the nonsuit statutes is to forestall the entry of the judgment theretofore orally pronounced and to require, instead of the pronounced judgment, the entry of the judgment of nonsuit, which, when allowed and entered, divests the judgment first pronounced of any force as res adjudicata and of any conclusive force as between the parties. But it does not displace the judgment first orally announced as being the opinion and decision of the court, that, under the facts as the facts are then presented, there is no liability under the law of the state where the injury occurred. There was no showing made, or attempted to be made, that the material facts as presented in the present suit were in any way different from those presented in the original action.

Since actions in tort are governed by the law of the place where the injury occurred, and it is the province of the courts of that state to declare the law thereof as applied to the facts of a particular case, it follows that when an action has been brought in the proper court of the state where the injury occurred and in the trial thereof, the case has progressed to the point when and where the court has signified its assent to a judgment of nonliability, the case cannot subsequently be entertained in this state through the device of a nonsuit taken in the original action, particularly when it is not shown that any different state of facts are here presented as compared to those in the first suit. If we were to permit such subsequent suit in this state, it would allow our courts to be set up for the review and correction of the previous opinion and decision of the court of the state where the injury occurred, and this court would be acting indirectly as an appellate court, reviewing the correctness of the opinion and decision of a trial court in another state in the same cause of action, when that function properly belongs to the appellate court of the original state. Such a course would not accord with comity, but would be the reverse thereof, and we cannot give our assent to it. Affirmed.