GREENE, et al. *v.* CALLON, et al.

No. 40939 May 5, 1958 102 So. 2d 676

*Gwin & Kuehule, W. A. Geisenberger, John E. Mulhearn,* Natchez, for appellants.

*Satterfield, Shell, Williams & Buford, K. Hayes Callicutt,* Jackson; *R. L. Netterville, Berger, Callon & Zuccaro,* Natchez, for appellees.

ETHRIDGE, J.

## ON MOTION OF APPELLEES TO DOCKET AND DISMISS APPEAL

The appellants are some of the defendants in the Chancery Court of Adams County. Appellees-complainants brought suit to confirm title. On August 16, 1957, the chancery court rendered a final decree. Thereafter one of the defendants, Mrs. Mary B. Hootsell, filed her petition for a rehearing of the matter. It was overruled by

the chancery court on September 21, 1957, in a decree signed that date by the chancellor. However, the decree overruling the petition for rehearing was not filed in the chancery clerk's office until September 27, 1957.

On December 21, 1957, the appellants, being some of the defendants in the chancery court, filed their appeal bond in this cause.

Miss. Code of 1942, Section 753, provides: "Appeals to the Supreme Court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of, and not after . . ."

The question is whether the final decree was rendered on September 21, 1957, the date of the signing of the decree by the chancellor, or on September 27, 1957, the date when the decree was by him delivered to the clerk for entry and filed. This same issue arose in Cresswell v. Cresswell, 164 Miss. 871, 878, 140 So. 521 (1932). A distinction was there made between rendition of decrees in courts of law and in the chancery court. In the former, the date of rendition is the time when the court orally pronounces its judgment, following which the clerk is authorized to enter the judgment upon the minutes. In equity the decree must be signed by the chancellor and delivered to the clerk, so that "a decree is rendered when, and only when, the clerk is authorized to enter it on the minutes." In other words, the time of filing with the clerk is considered the time of rendition, and not the time of its date and signature by the judge.

Hence the date of rendition of the final decree herein was September 27, 1957. The appeal was taken on December 21, 1957, upon the filing of the appeal bond. This was within less than the ninety days required by Code Section 753. See also Crescent Furniture and Mattress Company v. Morgan, 178 Miss. 824, 833, 173 So. 290 (1937). Hence there is no merit in the contention that the appeal was not taken within the time allowed by statute.

 There is no validity to movants' claim that the appeal should be dismissed because appellants have not yet had filed in this Court the transcript of the record and court reporters' notes. Appellants have not petitioned as yet for certiorari, but the case took a long time to try, and there were four court reporters. One of them has been ill for most of the period since the appeal bond was filed. Hence the motion to docket and dismiss the appeal is overruled, without prejudice to appellees' right to make a similar motion in the event of an unwarranted delay in the record being filed in this Court.

Motion of appellees to docket and dismiss appeal overruled.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.