DAPSCO, INC., et al. *v.* DEPENDENT OF UPCHURCH

No. 42205          February 26, 1962          138 So. 2d 287

*Gartin & Hester,* Laurel, for appellant, Barbara Faye Upchurch.

*Morse and Morse,* Gulfport, for appellants, Dapsco, Incorporated and Maryland Casualty Company.

*Melvin, Melvin & Melvin,* Laurel, for appellee.

RODGERS, J.

This is a workmen's compensation case. Harold Upchurch was killed on October 23, 1957, while employed by Dapsco, Inc. The employer and insurance carrier voluntarily paid death benefits to his widow, Martha N. Williams Upchurch, a minor. The widow filed an application with the Workmen's Compensation Commission on the Commission's printed Form B-19, which is an

application for a lump sum settlement under Sec. 13, sub-sec. (j), Chap. 354, Laws 1948. She alleged that she wanted the "C & B Partial" "To pay debts partial improve home also to go on through college." On the 12th day of January 1960, the Commission entered an order directing the carrier to pay $500 to the claimant. On January 21, 1960, Mrs. Upchurch again filed a Form B-19 with the Commission asking for an additional payment for the purpose set out therein: "To improve my home — plans and cost date attached." On January 26, 1960, the Commission entered a second order directing "That a full lump sum settlement be paid immediately by carrier to claimant in accordance with Sec. 13 (j) of the Mississippi Workmen's Compensation Law."

On February 6, 1960, the employer and carrier filed a motion with the Commission, pointing out that the claimant-widow was a minor, that a guardian should have been appointed, and asking the Commission to stay the order of January 26, 1960. The Commission took no action on the motion of the employer and carrier, and on February 20th they filed a contest of claimant's right to a lump sum settlement. On the 26th day of February the claimant-widow, Martha N. Williams Upchurch, filed a petition in the Chancery Court of the Second Judicial District of Jones County asking that her disability of minority be removed so that she could contract with Dapsco, Inc. and Maryland Casualty Company, and could sign and execute a contract of release and endorse checks. On the 29th of February 1960, the chancery court granted an order removing the disability of minority of Mrs. Martha N. Williams Upchurch Walters (being one and the same person as Mrs. Martha N. Williams Upchurch).

The employer and carrier filed a motion with the Commission asking that the original order of January 26, 1960, above set out, be reopened, upon the grounds that the order was secured by fraud, there was a mistake in

fact, and there was a change in conditions. Notice was given of the date hearing would be sought before the Commission.

A hearing was had before the attorney-referee, agent of the Workmen's Compensation Commission, in the courthouse at Laurel, Mississippi. The petitioners sought to introduce evidence of the remarriage of Mrs. Martha N. Williams Upchurch, and testimony of Mrs. Birdie Upchurch, mother of the deceased workman, Harold J. Upchurch, but upon the objection of the attorney for the widow, the evidence was rejected. The attorney-referee determined that the objection of the claimant-widow to the introduction of the evidence alleging that she had remarried on the 15th of February 1960 was incompetent. The attorney-referee held that the Commission had lost jurisdiction on the grounds that the order granting a lump sum payment to the widow was final, and since no appeal had been taken from the order, the Commission lost jurisdiction after the time for the appeal had elapsed.

The employer and carrier appealed from the order of the attorney-referee to the full Commission, where an order was entered on the vote of a majority of the Commission affirming the order of the attorney-referee. One of the commissioners dissented with the majority opinion. The employer and carrier appealed to the Circuit Court of Jasper County and the judge affirmed the order of the Commission allowing the award of a lump sum settlement.

From the order of the circuit court, the case has been appealed to this Court.

The issue to be determined here is whether or not the attorney-referee committed reversible error in refusing to entertain an investigation on the motion to reopen the order of the Commission awarding a lump sum settlement to a minor dependent upon the ground that

the dependent was ineligible to receive such a lump sum settlement since she had remarried.

As hereinbefore stated, the widow of the deceased workman, Harold J. Upchurch, is a minor, and she was eighteen years of age at the time she filed application to obtain a lump sum payment. In order to accept payment, endorse checks and sign a release, it was necessary that she either have her disability removed or obtain permission of the chancery court to allow her to accept payment and sign releases. See Shemper v. Hancock Bank, 206 Miss. 775, 40 So. 2d 742.

Under the general rule in state statutes on Workmen's Compensation, payment of an award is permitted to the widow for the use and benefit of herself and dependent minor children, and the appointment of a guardian is not necessary. See Hiebert, Widow and Guardian, etc. v. Howell, et al., 59 Idaho 591, 85 P. 2d 699, 120 A. L. R. 388.

On the other hand, in some states where there is no statutory authority to require the appointment of a guardian in workmen's compensation cases, it is said in 58 Am. Jur., Workmen's Compensation, Sec. 550, p. 920, that: "Where a deceased workman leaves a widow and minor children, and no guardian of the estate of the children participates in the action on their behalf, it has been held that the widow is only entitled to one half of the statutory compensation, and that the defendant employer may withhold payment of the other half until a binding settlement of adjudication can be had between the employer and some person authorized to act for the minor children." See also Gilliland v. Edgar Zinc Co., 112 Kan. 39, 209 P. 658, 29 A. L. R. 431.

Sec. 6998-17, Miss. Code 1942, Rec., gives the Workmen's Compensation Commission authority to require appointment of a guardian or other representative to receive compensation for a minor payable to such person.

Under Sec. 6998-13, Sub-sec. (c), Miss. Code 1942, Rec., we find the following language: "The Commission may, in its discretion, require the appointment of a guardian for the purpose of receiving the compensation of a minor dependent. In the absence of such a requirement the appointment of a guardian for such purposes shall not be necessary; provided if no legal guardian be appointed, payment to the natural guardian shall be sufficient." This section of the Code clearly permits the payment of awards to the adult mother of the workman's dependent children, who is thereby authorized to accept the award. It does not permit, however, the payment of an award directly to a minor dependent.

It is clear that it was necessary in this case for the Commission to require the appointment of a guardian for the dependent minor widow, unless she secured removal of her disability of minority by proper decree of the chancery court. Moreover, at the time the order was entered permitting the lump sum settlement, the minor-widow-petitioner was not capable of receiving a lump sum settlement because of her inability to contract. The order of the Commission was not complete, nor could the Commission require the employer and carrier to make direct payments to a minor dependent.

The motion of the employer and carrier to reopen the order or findings of the Commission should have been sustained because the Workmen's Compensation Act provides that the order allowing a lump sum payment award may be reopened within one year.

A pertinent part of Sec. 6998-27, Miss. Code 1942, Rec., is as follows: "Continuing Jurisdiction of the Commission. Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the Commission may, at any time prior to one (1) year after date of the last payment

of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease, such compensation * * *''

In the case of Armstrong Tire & Rubber Company v. Earl Franks, No. 42,091, decided by this Court January 22, 1962, it is said: ''In Dixon v. Green, 240 Miss. 204, 127 So. 2d 662 (1961), this Court affirmed a refusal by the commission to reopen a compromised settlement of a claim where the schedules were not applicable and it was not possible to determine the exact extent of disability. That compromise was based on Section 9 (i). The Court pretermitted the question of whether Sec. 21 would apply to a 9 (i) compromise. Nor do we have that issue here. The present case simply involves a reopening of a commuted lump sum payment under Section 13 (j), not a compromise settlement under Sec. 9 (i). The commission's order adopting the attorney referee's opinion recognizes that distinction. Moreover, appellants in their brief concede that the majority rule is that a commuted lump sum payment may be reopened because of a change in condition or a mistake in a determination of fact. 58 Am. Jur., Workmen's Compensation, Secs. 500, 548, 395; 100 C. J. S., Workmen's Compensation, Sec. 650; 99 C. J. S., Workmen's Compensation, Sec. 351; Anno. 165 A. L. R. 9, 33-38 (1946).

''In brief, the Commission's order of September 1, 1959, approved a commuted lump sum payment under Sec. 13 (j). This was in no respect a compromise settlement under Sec. 9 (i). It was subject to be reopened for error in a determination of fact, which the Commission correctly held had occurred.''

The compensation act provides that remarriage or death of the surviving wife, or dependent husband, shall terminate death benefits under Secs. 6998-13 and 6998-02

(14), Miss. Code 1942, Recompiled. After the order had been entered by the Commission allowing a lump sum payment, and before the widow became capable of accepting payment, she remarried. The Commission's order had not directed that the widow have her disability removed in accordance with its authority under Sec. 6998-17, Miss. Code 1942, Rec., but had simply directed that the carrier pay the minor widow in the following language: "* * * ordered that a full lump sum settlement be paid immediately by carrier to claimant in accordance with Section 13 (j) of the Mississippi Workmen's Compensation Law. * * *"

The testimony offered by the employer and carrier shows that the claimant had become ineligible for an award after the order had been entered, and before the money had been paid. There was therefore a change in the condition of the claimant, so that she was not entitled to be paid any further award.

The motion of the appellants, Dapsco, Inc. and Maryland Casualty Company, to reopen the claim of Martha N. Williams Upchurch Walters also alleged that the Commission's order of January 26, 1960, awarding a full lump sum settlement to her was secured by fraud on her part, in that she represented that she needed money to go to college but in truth she planned to secure a lump sum settlement and remarry, and that she knew that if she remarried she would receive no further benefits, but she knew that she might falsely represent to the Commission that she needed the money to attend college, and thereby obtain benefits.

The attorney-referee would not hear evidence on the motion of the employer and carrier as to whether or not claimant had become ineligible to receive benefits from the Workmen's Compensation Commission before her disability of minority had been removed by having remarried; nor would the attorney-referee permit the employer and carrier to prove a mistake in fact,

if they could so do, by showing that the order entered was a fraud perpetrated upon the Commission by knowingly giving a false statement as to the necessity for a lump sum payment. The attorney-referee was in error in failing to hear the evidence and in failing to have entered an order determining whether or not the claimant had become ineligible to receive benefits, or whether or not there was a mistake in fact in allowing a lump sum payment under authority of Sec. 6998-27, Miss. Code 1942, Rec. The record reveals that Mrs. Birdie Upchurch, mother of deceased, filed Form B-11 asking the Commission to permit her to controvert the lump sum payment award but that the attorney-referee refused to hear her claim, because he was of the opinion that the lump sum payment was a final order. The refusal of the attorney-referee to hear the motion to reopen was reversible error. The order of the Circuit Court of the Second Judicial District of Jasper County, affirming the Workmen's Compensation Commission, the order of the Workmen's Compensation Commission affirming the finding of the attorney-referee, and the order of the attorney-referee are hereby reversed; and the motion of the employer, Dapsco, Inc. and insurer, Maryland Casualty Company, to reopen the order of the Workmen's Compensation Commission awarding Martha N. Williams Upchurch a lump sum payment is hereby reinstated. The claim of Mrs. Birdie Upchurch, mother of the deceased workman Harold J. Upchurch, is reinstated, and the Workmen's Compensation Commission is directed to hear the issue on the motion to reopen claim of the mother of deceased in accordance with this opinion.

Reversed and remanded, with instructions to reinstate motion of appellee and claim of the mother of deceased workman for compensation.

*Lee, P. J.,* and *Arrington, McElroy* and *Jones, JJ.,* concur.

## ON MOTIONS

Jones, J.

This is a workmen's compensation case that comes to us from the Circuit Court of the Second Judicial District of Jasper County.

Appellee has filed a motion to dismiss the appeal because not taken within the time allowed by law, and also a motion to assess statutory penalties, interest and damages. This motion seeks, in addition to five percent damages and six percent interest, to recover the twenty percent provided by Section 13(f) of the Compensation Act, Section 6998-19(f), Code of 1942.

The appeal to the Circuit Court of Jasper County was heard by the judge of that court in vacation at Raleigh, Smith County, Mississippi, on May 12, 1961. Appeal bond was filed August 11, 1961, ninety-one days after the date of the order of the circuit judge.

Attorneys for the movant do not rely upon the verity of the circuit court record, but with commendable candor and frankness admit by affidavit filed herein that the hearing at Raleigh, Mississippi, was held on Friday, May 12, 1961, and on Monday, May 15, 1961, the attorney for appellee prepared an order in accordance with the oral ruling of the circuit judge made on May 12. The affidavit also shows that this order prepared on May 15, 1961, was not the one that was entered. The one that was entered was prepared on June 2 and forwarded directly to the circuit judge, and the date, May 12, 1961, was typed in the order so mailed on June 2.

The question is therefore presented whether the order was rendered on May 12 by the oral announcement of the judge so as to begin on that date the running of the ninety days permitted for appeal by Section 753, Code of 1942. In other words, was the order "rendered" on May 12 or was it "rendered" when signed by the judge and lodged with the clerk?

■■ ■ It seems to be settled that in a court of law when the court is in regular session a judgment is rendered when the judge orally announces same from the bench. Johnson v. Miss. Power Co., 189 Miss. 67, 196 So. 642; Simpson v. Boykin, 118 Miss. 701, 79 So. 852; Clark v. Duke, 59 Miss. 575; Welch v. Kroger Grocery Co., et al., 180 Miss. 89, 177 So. 41. The basis of these rulings is that court is being held during a term at the regular place of court, that all of the officers including the clerk are present, that the judge announces his ruling orally and the entry on the minutes is a ministerial act performed by the clerk.

In the present case, the hearing was not held in the county where the case was pending, and, so far as here shown, the clerk was not present to hear the judge's announcement of his conclusions.

Section 1523, Miss. Code of 1942, as amended, has reference to the actions of the circuit judge in vacation and provides: ''All judgments and all orders which a judge of any such court may render or make in vacation, shall be signed by him and thereupon be entered and recorded on the minute book of the court in which the case or matter is pending, . . . . . and appeals may be had and taken therefrom when so entered and recorded, . . . .''

In Greene v. Callon, 233 Miss. 432, 102 So. 2d 676, there was involved a chancery decision, but the opinion discussed the difference between the rendition of a judgment in courts of law and in equity. In this case it was stated: ''In equity the decree must be signed by the chancellor and delivered to the clerk, so that a decree is rendered when, and only when, the clerk is authorized to enter it on the minutes.''

To the same effect is Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521.

It will be noticed that in our statute on orders and judgments rendered by the circuit judge in vacation the

preparation of the order is not left to the clerk, but requires that the judgment or order be signed by the judge and afterwards entered and recorded in the minute book, and it is after this that an appeal is permitted. ██ █ It is, therefore, our conclusion that a judgment by the circuit judge in vacation is not "rendered" within the meaning of Section 753, Code of 1942, until signed by the judge and lodged with the clerk for entry on the minutes.

The appeal in this case was taken within the ninety days permitted, and the motion to dismiss is overruled. It follows that the motion for damages, interest, etc., should be overruled.

Motion to dismiss overruled; motion for damages overruled.

*McGehee, C. J.,* and *Gillespie, Ethridge* and *Rodgers, JJ.,* concur.