240 So.2d 60 (1970)
Johnny C. JACKSON and Morris Smith, Jr.
v.
Seymour SCHWARTZ.
No. 45990.
Supreme Court of Mississippi.
October 12, 1970.
Don H. Evans, Jackson, for appellants.
Stennett, Wilkinson & Ward, Jackson, for appellee.
ETHRIDGE, Chief Justice:
The motion of appellants, Jackson and Smith, to reinstate their appeal raises the question of when a judgment of the circuit court in term time is rendered within the meaning of the statute of limitations for appeals to this Court. Mississippi Code 1942 Annotated section 753 states:
Appeals to the supreme court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of, and not after * * *.
*61 Schwartz petitioned the Mayor and Council of the City of Jackson to reclassify for zoning purposes four lots from Residential A-2 to Residential A-3. After a hearing the City Council denied the petition and Schwartz appealed on a bill of exceptions to the Circuit Court for the First Judicial District of Hinds County. The appellants to this Court, Jackson and Smith, were two of a number of protestants before the City Council, and were interested parties in the court below, but were not represented by an attorney. Apparently they relied upon the attorney for the city, which opposed the appeal, to represent their interests, although he did not represent them as an attorney.
The appeal by Schwartz was heard in term time in the circuit court on October 1, 1969, with the attorneys for Schwartz and the city being present. On that day the court orally pronounced its judgment reversing the City Council and granting the rezoning classification.
In short, the oral pronouncement of judgment occurred on October 1, 1969. However, the written judgment of the circuit court, reversing and rendering judgment for Schwartz, was signed by the judge and filed on October 7, 1969.
On November 11, 1969, the city attorney wrote appellant Smith, enclosing a copy of the circuit court's judgment and advising him that his appeal must be taken within ninety days from its date, October 7, 1969.
On January 3, 1970, appellants employed Don H. Evans to appeal their case. He went to the circuit clerk's office, checked the records, and obtained a copy of the final judgment dated October 7, 1969. On January 5, 1970, which was the ninetieth day from the date of the written judgment of the circuit court, appellants' attorney filed an appeal bond.
In June 1970 appellee Schwartz filed a motion to dismiss the appeal, on the ground that the appeal bond was filed more than ninety days after the oral rendition of the judgment by the circuit court on October 1, 1969. Although appellants, respondents to that motion to dismiss, should have filed an answer to it under Supreme Court Rule 16, they filed no answer, and none being entered, the motion to dismiss the appeal was sustained. Subsequently the present petition to reinstate the appeal was filed.
The question is, when did the "rendition of the judgment" of the circuit court occur, under the terms of code section 753? Was it on October 1, 1969, when the circuit court orally pronounced its judgment, or was it October 7, 1969, when the court signed and filed a written judgment in the case? If the former, the appeal bond filed on January 5, 1970, came too late; if the latter, it was within the required ninety days. For reasons hereinafter stated, we conclude that the appeal bond was timely filed, being within ninety days from the date the court signed and filed with the clerk its written judgment, and, therefore, we sustain the petition of appellants to reinstate their appeal.
The rule in chancery court is that the date of the rendition of the judgment or decree is the date the signed decree is filed with the clerk of that court. Greene v. Callon, 233 Miss. 432, 102 So.2d 676 (1958). Furthermore, the rule in circuit court is that a judgment by a circuit judge in vacation is not rendered until it is signed by the judge and lodged with the clerk for entry on the minutes. Dapsco, Inc. v. Walters, 243 Miss. 427, 439, 135 So.2d 850 (1962). Dapsco based the vacation date of rendition of judgment in part on the provisions of Mississippi Code 1942 Annotated section 1523 (1956).
However, a different rule heretofore has prevailed as to the date of the rendition of judgment by the circuit court in term time. It has been held that the rendition of the judgment in circuit court in term time is the oral pronouncement by the court at the conclusion of the trial; that it is not the entry of the judgment on the docket that *62 constitutes its rendition; that pronouncement of the judgment in open court is a judicial act, which, while it must be entered on the minutes, need not be done immediately; and that entry of the judgment is a clerical or ministerial act to be performed by the clerk and is not a judicial act. Dapsco, Inc. v. Walters, 243 Miss. 427, 135 So.2d 850 (1961), stated the rule in this way:
It seems to be settled that in a court of law when the court is in regular session a judgment is rendered when the judge orally announces the same from the bench. * * * The basis of these rulings is that court is being held during a term at the regular place of court, that all of the officers including the clerk are present, that the judge announces his ruling orally and the entry on the minutes is a ministerial act performed by the clerk. (243 Miss. at 440, 135 So.2d at 850)
Other cases from this jurisdiction holding or stating the rule to the same effect are: Clark v. Duke, 59 Miss. 575 (1882); Lunenberger v. State, 74 Miss. 379, 21 So. 134 (1897); Holley v. State, 74 Miss. 878, 21 So. 923 (1897); Simpson v. Boykin, 118 Miss. 701, 79 So. 852 (1918); Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 144 So. 41 (1932); Welch v. Kroger Grocery Co., 180 Miss. 89, 177 So. 41 (1937); Johnson v. Miss. Power Co., 189 Miss. 67, 196 So. 642 (1940); Greene v. Callon, 233 Miss. 432, 102 So.2d 676 (1958).
To the extent that the foregoing and other cases from this jurisdiction hold that a judgment in circuit court during term time is rendered when the judge orally pronounces his decision, these cases are modified and to that extent only are overruled. The rule which we adopt is that the date of rendition of the judgment of the circuit court in term time, as well as in vacation, is the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes; or if the judgment is not signed by the judge, the rendition date is the date it appears on the minutes of the court.
This rule creates a single, consistent guide for determination of the date of rendition of a judgment, with particular reference to the beginning of the ninety-day limitation period for filing an appeal bond under code section 753. This date is also consistent with the realities of contemporary law practice and the customs of the legal profession. A party cannot appeal from an oral pronouncement of judgment. Lawyers do not and cannot stay in the courtroom constantly when the court is in session and they have no case on trial. Citizens and attorneys representing them are entitled to rely upon the written, recorded judgments and other actions of circuit courts in determining their rights of appeal. Appellants' attorney likewise was entitled to rely upon the written records and minutes of the circuit court.
Appellants are interested parties and have the right to prosecute this appeal. Miss.Code 1942 Ann. §§ 1195, 1212, 3593 (1956); Mayor and Board of Aldermen of City of Pontotoc v. White, 230 Miss. 698, 93 So.2d 852 (1957). In other cases this Court has held that code section 1212 authorizes interested citizens to appeal. See City of Jackson v. Husbands, 233 So.2d 817 (Miss. 1970) (unreported order on motion to dismiss appeal). Although appellants' motion to reinstate their appeal avers only that they have a meritorious appeal and will be prejudiced by denial of this privilege, and although they do not show specifically why they think they have a meritorious appeal, nevertheless, we think that the application to reinstate is sufficient in view of the nature of the case and under all of the circumstances.
Petition to reinstate appeal sustained.
All Justices concur.