323 So.2d 90 (1975)
Mrs. C.A. (Mae) SHELTON, Plaintiff-Appellant,
v.
James Cedrick COLEMAN et al., Defendants-Appellees.
No. 48415.
Supreme Court of Mississippi.
December 8, 1975.
Satterfield, Shell, Williams & Buford, Michael S. Allred, Sam S. Allred, Jackson, for plaintiff-appellant.
Daniel, Coker, Horton, Bell & Dukes, Donald V. Burch, Jackson, for defendants-appellees.
Before RODGERS, PATTERSON and SUGG, JJ.
PATTERSON, Justice.
This tort suit arises from the Circuit Court of Jefferson County, wherein Mrs. C.A. Shelton sought damages from James Coleman and James Embry, doing business *91 as C and E Logging Company, and Luke Felton, their driver. The jury found against the plaintiff and she appeals, contending, among other things, that the verdict was against the overwhelming weight of the evidence and the trial court erred in entering a judgment in vacation.
The record demonstrates a jury question arising from conflicting testimony. The gist of the testimony of Felton, the driver of the log truck, and his witnesses was that the plaintiff came over on his side of a graveled road forcing him to leave the traveled portion to avoid hitting her automobile. He further testified that the plaintiff's automobile struck the rear wheel of his truck.
To the contrary, Mrs. Shelton, the plaintiff, and her witnesses testified that the log truck was on her side of the road coming around the curve and that she was forced off the right side to avoid striking the truck, but, nevertheless, the truck struck her automobile, inflicting damages to her.
In order to overrule a jury verdict we have held that this Court must find it was contrary to the overwhelming weight of the evidence and not a product of reason, but, rather, the result of bias, passion and prejudice. Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963).
The rule was stated in Illinois Central Railroad Co. v. Harrison, 224 Miss. 331, 80 So.2d 23 (1955), as follows:
"The judge may not substitute his judgment for that of the jury merely because he would have decided the matter differently... . Conflicts in the testimony and the veracity of witnesses are for the determination of the jury, not the judge." 224 Miss. at 338-39, 80 So.2d at 26.
We conclude the verdict of the jury was based upon evidence sufficient to support it and was not against the overwhelming weight of the evidence.
The appellant next contends that the judgment of the court was entered in vacation and is void. The trial concluded with a jury verdict for the defendants on an evening two days preceding the conclusion of the term. The appellant's attorney requested and received leave from the trial court to present a motion for a judgment n.o.v. and for a new trial in vacation. The defendants' attorney was in agreement with the above motion and thereafter, on the last day of the term, left a proposed form of the judgment in the circuit clerk's office. This judgment was not presented to the court and, consequently, was not signed, but was nevertheless placed upon the minutes. Apparently, it was unsigned due to the court's misunderstanding of the attorneys' several motions and agreements. The judge, upon the omission being called to his attention, attempted to cure the error by a judgment nunc pro tunc in vacation. We think this was a technical error that in no way affected the outcome of the suit since the jury verdict, as mentioned, was proper. Indeed, we note in passing upon the matter that the appellant seeks reversal from a final judgment of the circuit court while at the same time maintaining there was no final judgment.
In Jackson v. Schwartz, 240 So.2d 60 (Miss. 1970), this Court said:
"The rule which we adopt is that the date of rendition of the judgment of the circuit court in term time, as well as in vacation, is the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes; or if the judgment is not signed by the judge, the rendition date is the date it appears on the minutes of the court." 240 So.2d at 62.
We also held in McDaniel Brothers Construction Co. v. Jordy, 185 So.2d 450 (Miss. 1966), that a judgment might be corrected by the trial court at any regular term of the court. We are of the opinion, in view of the doubt concerning the validity *92 of the nunc pro tunc vacation order, that the judgment should be properly entered in the next regular term of the court.
The other assignments of error relating to the trial have been considered and, in our opinion, are without merit. To avoid prolixity, we do not burden this opinion with comment thereon.
Affirmed and remanded.
GILLESPIE, C.J., and INZER, SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.