# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-00398-COA

ARTHUR MINOR                                                        APPELLANT

v.

RGT MANAGEMENT INC. AND WAUSAU                       APPELLEES
UNDERWRITERS INSURANCE COMPANY

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEYS FOR APPELLANT: | ROGEN K. CHHABRA |
| | CAROLINE SCOTT HOMMELL |
| ATTORNEY FOR APPELLEES: | GINGER MOORE ROBEY |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND RENDERED - 11/20/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Arthur Minor, a claimant in a workers' compensation action, appeals from an order of the Mississippi Workers' Compensation Commission imposing $500 in sanctions upon his attorneys for delaying pursuit of his claim without reasonable grounds under Mississippi Code Annotated section 71-3-59(2) (Rev. 2011).[1] We reverse and render the Commission's $500 sanction against Minor's attorneys.

---

[1] Mississippi Code Annotated section 71-3-59 (Rev. 2011) provides, in relevant part, that "[i]f the full commission determines that proceedings in respect to a claim have been . . . delayed . . . without reasonable ground, the full commission . . . may levy a civil penalty not to exceed Ten Thousand Dollars ($10,000.00) against such party, or attorney advising or assisting such party, or both, payable to the commission."

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    Arthur Minor suffered compensable injuries during the course of his employment with RGT Management Inc. as a shift manager/cook for Taco Bell.  A workers' compensation claim on Minor's behalf was filed against RGT (Employer) and Wausau Underwriters Insurance Company (Carrier) by his first lawyer in March 2013.  That lawyer's motion to withdraw from representation of Minor was granted by the Administrative Judge (AJ) on September 3, 2015.  The order provided, in relevant part, as follows:

> Claimant is allowed thirty (30) days from the date of this Order in which to obtain representation by another attorney or continue prosecution of this claim without legal representation.  Failure to do so may result in the dismissal of this claim.

¶3.    The same AJ dismissed Minor's workers' compensation claim by order dated November 2, 2015, based upon the AJ's determination that Minor had failed to prosecute his claim.  The AJ found that her September 3, 2015 order had "granted Mr. Minor thirty (30) days to obtain counsel or announce his intent to pursue this claim without legal representation" and that Minor had failed to comply with that provision.  The order further provided that "[t]o request reinstatement of this claim, Claimant must timely file a motion to reinstate with the Commission."

¶4.    The AJ's November 2, 2015 order was not appealed, and thus it became a final order in twenty days, pursuant to Mississippi Code Annotated section 71-3-47 (Rev. 2011).[2] Minor engaged new counsel (his current counsel), and a motion to reinstate Minor's claim was filed

---

[2] Mississippi Code Annotated section 71-3-47 (Rev. 2011) provides that a decision by a "duly designated representative of the commission [i.e., an AJ] . . . shall be final unless within twenty (20) days a request or petition for review by the full commission is filed."

on his behalf on December 4, 2015.

¶5.     Over a year later, on February 15, 2017, the Commission issued a notice of hearing on Minor's motion, setting a hearing for March 20, 2017. The Employer/Carrier filed a response to Minor's motion to reinstate his claim on March 10, 2017, seeking dismissal of Minor's claim. The Employer/Carrier argued that the Commission no longer had jurisdiction over Minor's claim because no action had been taken on Minor's motion to reinstate since it was filed in December 2015.

¶6.     The AJ denied Minor's motion to reinstate by an order dated April 27, 2017, finding that under Mississippi Code Annotated section 71-3-53 (Rev. 2011)[3] and the applicable case law, the Commission no longer had jurisdiction to consider the motion because Minor had done nothing after his motion to reinstate was filed on December 4, 2015.

¶7.     Minor appealed the AJ's order, requesting review before the full Commission. He argued that the filing of his motion to reinstate was sufficient to satisfy the one-year time frame set forth in section 71-3-53 because the Commission's procedural rules did not require that the motion be set for oral argument. Minor asserted that because his motion could be decided without a hearing, he was not required to do anything further once his motion to

_____

[3] Mississippi Code Annotated section 71-3-53 (Rev. 2011) provides, in relevant part, as follows:

> Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, . . . at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

reinstate was filed.

¶8. Minor also filed a motion to introduce additional evidence. In that motion he sought to introduce two exhibits: (A) an affidavit of Caroline Hommell, his counsel, detailing efforts made to check on the status of the case and set a hearing; and (B) an email from a Commission employee responding to the status inquiry. In proposed exhibit A (the Hommell affidavit), Ms. Hommell attested that the motion to reinstate was filed on November 30, 2015;[4] that on April 25, 2016, an employee in her law office contacted an employee at the Commission, Ms. Shirley Williams, to check on the status of the case and to see if anything needed to be done; that Ms. Williams responded the next day with an email stating: "This file is closed! You must set your motion to reinstate filed in December" (this email is proposed exhibit B); and that in August 2016 an employee in Ms. Hommell's law office left a message for the AJ's assistant to obtain hearing dates, but her message was not returned.

¶9. By an order dated October 24, 2017, the Commission reversed the AJ's decision and reinstated Minor's claim, finding that the filing of Minor's motion to reinstate satisfied the time requirements of section 71-3-53.[5] The Commission, however, also imposed a $500 sanction against Minor's counsel based upon his counsel's inaction following the filing of the motion to reinstate. The Commission recognized that Minor's counsel had addressed the

[4] The motion to reinstate was actually stamped filed as of December 4, 2015.

[5] The Commission also found that the AJ's April 27, 2017 order contained a mistake of fact because the AJ dismissed Minor's claim based upon her determination that Minor did not comply with her September 3, 2015 order allowing Minor's original counsel to withdraw when Minor did not notify the Commission of his intent to pursue his claim. The Commission found that there was no such requirement in the AJ's September 3, 2015 order, so it reversed the AJ's April 27, 2017 order for this additional reason.

4

delay issue by filing a motion to introduce additional evidence, and the Commission granted that motion. Nevertheless, the Commission found:

> [B]ased upon the Commission's review of the entire record in this claim, we find that Claimant's current counsel filed the Motion to Reinstate, but their subsequent inaction delayed this claim without reasonable ground. Such delay warrants the imposition of a $500 sanction against current counsel for Claimant. Miss. Code Ann. § 71-3-59.

¶10. Minor filed a Motion for Reconsideration or, Alternatively, to Sever Sanctions into Separate Cause of Action on November 7, 2017, requesting that the Commission "reconsider the sanctions altogether and set them aside, or . . . sever the sanctions issue into a separate cause of action that can be appealed independently without prejudicing and even further delaying Claimant's right to move forward on the claim."

¶11. The Commission denied this motion on February 15, 2018, holding that "[h]aving studied the record and the applicable law, the Commission finds no evidence warranting a change in the Commission Order previously entered on October 24, 2017. Accordingly, the Claimant's Motion to Reconsider or Alternatively to Sever Sanctions into Separate Cause of Action is denied."

¶12. The parties subsequently reached a compromise settlement agreement on Minor's workers' compensation claim. The Commission approved the settlement by order dated March 7, 2018. That order contained a paragraph preserving Minor and his counsel's ability to pursue an appeal with respect to the sanctions issue, as follows:

> The parties recognize that there is an outstanding order for sanctions against claimant's counsel, and that such issue is currently pending before the Commission. The employer and carrier have no interest in the outcome of that issue and have no position or objection to claimant continuing to appeal, if so

desired. Claimant and his counsel through this settlement, do not waive any rights to continue pursuing the reconsideration and/or appeal of the sanctions.

¶13. On March 8, 2018, Minor filed his notice of appeal "from the Full Commission Order" and also filed a detailed "Statement of Issue[s] on Appeal" on March 15, 2018, itemizing the reasons why the $500 sanction should not be imposed upon Minor's counsel.[6]

¶14. The sole issue Minor raises on appeal is "whether the $500 sanction awarded by the Commission against [his] counsel pursuant to [section] 71-3-59(2) [was] appropriate even though his counsel filed a timely motion to reinstate and had no obligation under the rules to set the case for oral argument." The Employer confirmed in its appellee's brief that it

---

[6] The $500 sanction at issue in this case was against Minor's counsel. Minor, however, is the only named appellant; his lawyers are not named. Although no jurisdictional challenge has been made, we must address issues of jurisdiction on our own motion. *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1279 (¶15) (Miss. Ct. App. 2016). Under applicable precedent, the failure to include Minor's lawyers as appellants does not bar us from addressing this appeal on the merits. *See Johnson v. Boydston*, 605 So. 2d 727, 731 (Miss. 1992), *as supplemented on denial of reh'g* (Sept. 10, 1992) (The Mississippi Supreme Court found that a notice of appeal failing to list a consortium plaintiff as an appellant was sufficient to preserve the appeal on his behalf where there was no surprise or prejudice to the appellee.); *Vicksburg Ref. Inc. v. Energy Res. Ltd. 1977-A*, 512 So. 2d 901, 902 (Miss. 1987) (Vicksburg Refining appealed from an order of the trial court imposing sanctions upon its attorney for abuse of court processes; the Mississippi Supreme Court addressed the appeal on the merits although Vicksburg Refining's counsel was not an appellant.).

We also find that Minor's appeal from the October 24, 2017 full-Commission order is timely. The filing of Minor's motion to reconsider or, alternatively, to sever the sanctions issue on November 7, 2017, tolled the thirty-day time period for appealing a full-Commission order under Mississippi Code Annotated section 71-3-51 (Rev. 2011). *See Day Detectives Inc. v. Savell*, 291 So. 2d 716, 720-21 (Miss. 1974). The Commission denied Minor's motion to reconsider on February 15, 2018, and Minor filed his notice of appeal within thirty days, on March 8, 2018.

takes no position as to whether the sanction is appropriate.[7]

## DISCUSSION

### I.    Standard of Review

¶15.    "In workers' compensation cases, this Court's review is limited to determining whether the Commission's decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated a party's constitutional or statutory rights." *Wright v. Turan-Foley Motors Inc.*, No. 2016-WC-01264-COA, 2018 WL 506696, at *5 (¶26) (Miss. Ct. App. Jan. 23, 2018). "Substantial evidence, though not easily defined, means something more than a mere scintilla of evidence, and that it does not rise to the level of a preponderance of the evidence. It may be said that it means such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Blackwell v. Howard Indus. Inc.*, 243 So. 3d 774, 778 (¶6) (Miss. Ct. App. 2018).

### II.    Imposition of Sanctions

¶16.    The Commission in this case reversed the AJ's dismissal of Minor's claim, finding

---

[7] The Employer, however, filed an appellee's brief in order to correct a statement made in Minor's principal brief that the Employer and Carrier contributed to the delay in the proceedings because they were procedurally required to file a response to Minor's motion to reinstate within fifteen days of service of that motion, which they did not do. The Employer pointed out that Commission Procedural Rule 22(c), in effect in 2015 when Minor filed his motion to reinstate, did not require that any response be filed, as follows: "a response [to a motion] is not required, but a party desiring to file a response shall do so within fifteen (15) days after the date of service of the motion. . . ." In his reply brief, Minor acknowledged that the Employer was correct, and that he had mistakenly cited to the new Commission Procedural Rule 2.22(c), effective January 18, 2018, which requires that a response be filed within fifteen days.

7

that the filing of Minor's motion to reinstate on December 4, 2015, which was within one year of the AJ's order of dismissal, satisfied section 71-3-53's one-year time requirement, and tolled the running of that statute. Nevertheless, the Commission also imposed a $500 sanction against Minor's counsel, finding that, based upon its review of the entire record, their subsequent inaction after filing the motion to reinstate Minor's claim "delayed [Minor's] claim without reasonable ground," thus warranting a $500 sanction against them pursuant to section 71-3-59(2). As noted, that statute provides, in relevant part, as follows:

> If the full commission determines that proceedings in respect to a claim have been instituted, continued or delayed, . . . without reasonable ground, the full commission . . . may levy a civil penalty not to exceed Ten Thousand Dollars ($10,000.00) against such party, or attorney advising or assisting such party, or both, payable to the commission.

¶17. On appeal, Minor asserts that once his counsel timely filed a motion to reinstate his claim in December 2015, there is no proof in the record that his lawyers' subsequent inaction delayed his claim "without reasonable ground" under section 71-3-59(2) because the Commission's procedural rules did not require them to do anything beyond filing the motion to reinstate.[8]

¶18. A review of section 71-3-53 provides that if a party files an application for reinstatement based on a mistake in a determination of fact, then the Commission may issue a new compensation order. The statute, however, does not require the claimant to request a hearing on the motion.

¶19. We now turn to the applicable Commission procedural rules to determine if any duty

---

[8] *See* Miss. Code Ann. § 71-3-53.

existed to require Minor to request a hearing once the motion was timely filed. Minor's motion to reinstate was filed December 4, 2015. The rule governing motion practice in effect at that time was Commission Procedural Rule 22 (2001). This rule is substantively the same as Commission Procedural Rule 2.22 (2018), which is the rule Minor references in his appellant's brief. To be accurate, we will refer to Procedural Rule 22.

¶20. Procedural Rule 22 does not require that the motion be set for oral argument. It provides that "[i]f a party *desires* oral argument on a motion, the party shall notice the motion for motion day or, at the discretion of the [AJ], other agreed time and place, before the assigned [AJ]." (Emphasis added).[9] Because Minor's counsel was not obligated to do anything further under the Commission's procedural rules once Minor's motion to reinstate was timely filed in December 2015, we find that imposing the $500 sanction for unreasonable delay under section 71-3-59(2) was inappropriate.

¶21. Our decision in *Wright v. Turan-Foley Motors Inc.* is instructive. In that case, we reversed the Commission's imposition of $5,000 in sanctions against claimant's counsel under section 71-3-59(2). *Wright*, 2018 WL 506696, at *10 (¶47). The Commission sanctioned claimant's counsel based on its determination that counsel's subpoena and discovery questioning of an expert witness was "oppressive in nature and without reasonable ground." *Id.* at *4 (¶23). Finding the sanction inappropriate, this Court observed that there were "no rules or reported cases [that] clearly prohibited the conduct for which the

---

[9] Nor do we find that the requirement under Procedural Rule 22 that "[a] proposed order must accompany each nondispositive motion," applies to the motion to reinstate filed in this case, as it is not a "nondispositive" motion.

Commission imposed sanctions," and, thus, "[u]nder these circumstances, counsel's efforts to represent his client by exploring the issue of financial bias had at least a 'colorable' basis in the law."[10] *Id.* at \*10 (47). The same is true here. No rule or reported case prohibited counsel's conduct—indeed, no statute, rule, order, or case affirmatively required Minor's counsel to take any further action after the motion to reinstate was filed.[11] For this reason, we find that the sanctions were unwarranted in this case.

¶22. Under the controlling statute, section 71-3-53; Procedural Rule 22; and applicable case law, we find no breach of any affirmative duty on the part of Minor's counsel in not requesting a hearing on the motion to reinstate Minor's claim. As such, we find that the Commission erred by imposing the $500 sanction against Minor's counsel pursuant to section 71-3-59(2). *Wright*, 2018 WL 506696, at \*10 (¶¶46-47). The sanction imposed on Minor's counsel is reversed and rendered.

¶23. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[10] The Court's use of the phrase "colorable basis in law" was in reference to use of that phrase in an analogous context where the Mississippi Supreme Court was addressing the impositions of sanctions under Mississippi Rule of Civil Procedure 11 for alleged frivolous pleadings. *Estate of McLemore v. McLemore*, 63 So. 3d 468, 490 (¶68) (Miss. 2011). The supreme court held that "pleadings found to be justiciable, viable, or colorable are not for the purpose of harassment or delay; thus, sanctions are inappropriate." *Id.*

[11] *See* Miss. Code Ann. § 71-3-53; *see also Dapsco Inc. v. Upchurch's Dependent*, 243 Miss. 427, 435, 138 So. 2d 287, 290 (1962).