ORR *v.* MYERS, et al.

No. 39613          April 11, 1955          79 So. 2d 277

*B. F. Worsham, L. F. Sams,* West Point, for appellant.

*B. H. Loving, Thomas J. Tubb,* West Point, for appel-
lees.

HALL, J.

Appellant filed this suit to establish the boundary line between property owned by him and property owned by Mrs. B. L. Myers, Sr., in which her son, B. L. Myers, Jr., had a contingent interest. At a regular term of court the case was set, by consent of all the attorneys, for hearing in vacation on December 8, 1953. On that date Mrs. Myers was seriously ill and unable to attend court. Negotiations toward a compromise were held between the attorneys and a tentative compromise agreement was entered into without the knowledge or consent of Mrs. Myers. After having the information obtained that day by a survey of the line, the lawyers got together and wrote a decree, which, upon completion was approved by all attorneys in the case. In the meantime, the chancellor had adjourned the vacation hearing and had left the county. Late in the day a copy of the decree was delivered to B. L. Myers, Jr., who carried it to his mother. The terms of the decree were not acceptable to either of them, and Mr. Myers telephoned the chancellor and told him the decree was not satisfactory and requested him not to sign it when it was presented to him. The decree was mailed to the chancellor and he did not sign it and it has never yet been signed by him.

At the following regular term of court the appellant made a motion that the decree be entered as approved by the attorneys. The appellees made a motion that it not be signed and entered upon the minutes. A hearing

was had on these motions and considerable evidence taken thereon from which it appears that while all the attorneys were acting in good faith in the belief that they had authority to consent to the agreed decree, as a matter of fact they did not consult Mrs. Myers with reference to the settlement. They were not employed by her but by her son who testified without dispute that the only authority which he had was an instruction from his mother that if anything was agreed on it should be put in writing and submitted to her for her approval before it became binding.

Appellant cites many authorities to the general effect that an agreed decree is just as binding upon the parties as a decree entered after a trial. The trouble with those authorities is that they are not applicable here. They apply only to an agreed decree which has been signed by the chancellor and entered upon the minutes. The rule in this State is that every decree is in the breast of the court until entered, and a decree has no validity until written out and signed by the chancellor. Griffith's Mississippi Chancery Practice, Section 621.

Affirmed and remanded.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.