511 So.2d 933 (1987)
Faye Harmon BANKS
v.
Frank R. BANKS, M.D.
No. 57083.
Supreme Court of Mississippi.
August 19, 1987.
*934 Harlon H. Varnado, Patricia R. Alexander, Jackson, for appellant.
Alvin M. Binder, Lisa B. Milner, Binder, Milner & Milner, Jackson, for appellee.
Before WALKER, C.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, concerning the modification of a divorce decree, comes to the Court from the Chancery Court of the First Judicial District of Hinds County, which awarded a $250 per month increase in alimony, plus $1,604, representing half the cost of major repairs to a jointly owned home. We affirm.
On July 6, 1976, the chancery court granted a divorce to Faye Harmon Banks, providing her with $1,750 per month as alimony. On April 17, 1980, the chancery court denied Dr. Frank R. Banks' motion to abrogate the alimony payments, required by the decree.
On October 4, 1983, Faye Harmon Banks filed a motion, seeking to increase the monthly alimony. On October 23, 1985, the chancellor heard evidence on the motion, and at its conclusion stated, "I am inclined to think that Mrs. Banks is entitled to an increase in alimony of $500 a month, which would put it up to $2,250, which would reflect the diminution of the buying power of the $1,750 from 1980 on." Continuing, he said, "That will be the judgment of the Court, that the alimony be increased to $2,250 per month... ."
On October 24, 1985, the chancellor, on his own motion, filed an amended opinion, awarding only an additional $250 per month in alimony. On November 13, 1985, the chancellor entered final judgment, again awarding $2,000 per month, a $250 per month increase. The chancellor also awarded $1,604 to Faye Harmon Banks, representing half the cost of repairs to her home.

I.
On appeal, Faye Harmon Banks contends that the chancellor erred when he modified the judgment voiced in open court at the hearing's conclusion, awarding her an additional $500 per month in alimony. In fact, she maintains that the chancellor was powerless to change or modify his oral judgment, absent a motion by either party.
Historically, this Court has recognized that "every decree is in the breast of the court until entered and a decree has no validity until written out and signed by the chancellor." Orr v. Myers, 223 Miss. 856, 862, 79 So.2d 277, 278 (1955). Similarly, V. Griffith, Mississippi Chancery Practice § 621 (1950) states,
[I]n equity the decrees are of such an elaborate and flexible character that the drawing of them is not, as at law, a mere ministerial matter to be left to the clerk, but they must be drawn up in writing by the solicitors and signed by the chancellor before delivery to the clerk, and that a decree has no validity until so written out and signed. When, however, that has been done and the decree has been delivered to the clerk for entry it becomes effective as between the parties from that date ...
Though previously a circuit judge could render a binding oral judgment at a trial's conclusion, Dapsco, Inc. v. Walters, 243 Miss. 427, 440, 135 So.2d 850 (1961), Welch v. Kroger Grocery Co., 180 Miss. 89, 95, 177 So. 41, 42 (1937), the Court later made the rule uniform, finding that the "date of rendition of the judgment of the circuit court in term time, as well as in *935 vacation, is the date when the judgment is signed by the judge and filed with the clerk for entry on the minutes... ." Jackson v. Schwartz, 240 So.2d 60, 61-2 (Miss. 1970).
More recently, we adopted the Mississippi Rules of Civil Procedure. M.R.C.P. 54(a) defines judgment as a "final decree and any order from which an appeal lies." Miss. Code Ann. § 11-51-3 (1972) also states that only final judgments are subject to appeal. See also, Sanford v. Board of Supervisors, Covington County, 421 So.2d 488, 490 (Miss. 1982), Cotton v. Veterans Cab Co., 344 So.2d 730, 731 (Miss. 1977).
The Comment to Rule 54 reads, in part:
Although it is not specifically described in the rule itself, there are several different stages that lead to the creation of a judgment that is final and appealable. It is important to differentiate the various steps that are part of this process. The first distinction is between the adjudication, either by a decision of the court or a verdict of the jury, and the judgment that is entered thereon. The terms "decision" and "judgment" are not synonymous under these rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.

A second distinction that should be noted is between the judgment itself and the "filing," or the "entry," of the judgment. A judgment is the final determination of an action and thus has the effect of terminating the litigation; it is "the act of the court." "Filing" simply refers to the delivery of the judgment to the clerk for entry and preservation. The "entry" of the judgment is the ministerial notation of the judgment by the clerk of the court pursuant to Rule 58; however, it is crucial to the effectiveness of the judgment and for measuring the time periods for appeal and the filing of various motions. (emphasis added)
In Sweet v. Luster, 492 So.2d 983, 984-85 (Miss. 1986), where the chancellor's judgment was apparently never delivered to the chancery clerk for filing, this Court confronted these distinctions, ordering the clerk to enter final judgment so as to affect the appeal. Since there could be no appeal until such entry, there had been no final judgment. Rules 54(a) and 58.
Consistent with the above, there is no authority to support the appellant's contention that the chancellor's oral pronouncement constituted the court's final judgment.

II.
Upon a material change in circumstances, arising subsequent to rendition of the original decree, the chancellor may change or modify the divorce decree. Bracey v. Bracey, 408 So.2d 1387, 1389 (Miss. 1982), Shaeffer v. Shaeffer, 370 So.2d 240, 241 (Miss. 1979). See also, Miss Code Ann. § 93-5-23 (Supp. 1986).
Here, Faye Harmon Banks testified that (1) her house payments had risen from $384 per month in 1976 to $595 per month in 1985; (2) her home, jointly owned with Frank R. Banks, required substantial repairs, including work on the foundation, fence and swimming pool, and (3) her health had deteriorated, requiring four surgical procedures between 1980 and 1985. Based on these factors, plus inflation, she argues that the chancellor's order increasing her alimony by only $250 per month, was against the overwhelming weight of the evidence. Also, Faye Harmon Banks, between alimony and employment, reported an adjusted gross income of $27,757.03 in 1980 and $34,846.22 in 1984.
In response, Frank R. Banks testified that his income from the practice of medicine was $142,351.47 in 1980, but only $128,562.97 in 1984. Due to reduced work load, he estimated that his income from the practice of medicine would be $114,000 in 1985.
Dr. James Daniel Mitchell, Frank R. Banks' personal physician, also testified that he had recommended a reduced work load in order to combat Banks' hypertension, stating, "He can't keep it up like in the past. His health will not allow that."
*936 Clearly, Faye Harmon Banks has felt the effects of time and inflation. Nevertheless, her income has steadily increased since 1980. Meanwhile, Frank R. Banks' income, though substantially greater, has decreased since 1980.
This Court has previously held that a wife is due reasonable alimony, commensurate with her standard of living, and the husband's ability to pay. Rainer v. Rainer, 393 So.2d 475, 478 (Miss. 1981), Hopton v. Hopton, 342 So.2d 1298, 1300 (Miss. 1977). We have also held that a chancellor has wide discretion in such matters, and that his award will stand, unless it is against the overwhelming weight of the evidence. Wood v. Wood, 495 So.2d 503, 506 (Miss. 1986), Savell v. Savell, 290 So.2d 621, 623 (Miss. 1974), Harrell v. Harrell, 231 So.2d 793, 796 (Miss. 1970).
In this case, there is no indication that the award of an additional $250 per month was against the overwhelming weight of the evidence.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.