566 So.2d 702 (1990)
Roy CORTESI
v.
Teresa Leviner CORTESI.
No. 89-CA-847.
Supreme Court of Mississippi.
July 25, 1990.
Stephen Nick, Greenville, for appellant.
Wayne O. Lee, Greenville, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court.
This appeal[1] challenges an order of the Chancery Court of Washington County, Mississippi, staying its hand regarding the custody of a minor child, pending proceedings in the Youth Court of that county. For reasons that will presently appear, we find that order not final and thus not appealable as of right. No party having suggested that the matter be considered an interlocutory appeal, we have no alternative but to dismiss.
The case arises from a custody proceeding begun in the Chancery Court of Washington County concerning T.L.C., a female child born on June 8, 1986. On June 23, 1988, Roy Cortesi, as father, and Teresa Leviner,[2] as mother, filed their Joint Petition For The Determination of Paternity, Custody, And Child Support. The next day the Court adjudged Roy the natural father of the child and decreed a joint legal custody arrangement, with each parent to have alternating six month periods of physical custody.
On November 15, 1988, Teresa moved to modify, asking the Court for an order placing T.L.C. in her sole custody. Additionally, on December 7, 1988, Teresa filed a Petition for Citation of Contempt charging *703 Roy's refusal to allow her reasonable visitation with T.L.C. in the six months since the original order of June 24, 1988. Teresa also charged that Roy had physically abused T.L.C.
The matter was called for trial on January 3, 1989, the proceedings lasting two days.[3] Subsequently, on January 9, 1989, the Chancery Court issued its written ruling, directing that T.L.C. be placed in the custody of her mother Teresa and granting her father Roy liberal visitation rights, this notwithstanding the Court's specific finding that the evidence was not clear that T.L.C. had been abused while in Roy's custody. Teresa and her counsel were directed to draft a judgment reflecting the ruling of the Chancery Court. No final judgment, however, was ever entered.
On February 3, 1989, having received from counsel a draft of a proposed judgment, the Chancery Court reconsidered its January 9 ruling. Rule 59, Miss.R.Civ.P. First, the Court reversed its trial ruling on the admissibility of the medical records[4] on the grounds that Roy, by the filing of a cross-petition seeking sole custody of T.L.C., had placed in issue his fitness and, thus, waived the privilege regarding his actions in seeking medical care for T.L.C. See Rule 503(f), Miss.R.Ev. Second, and most important for present purposes, the Court vacated its ruling of January 9 and remanded the case to the Chancery docket, noting that the Youth Court of Washington County had exclusive jurisdiction over the child abuse matter. In the Chancery Court's own words:
Because the Chancery Court of Washington County must reopen for failure to consider the hospital records relating to the subject child, the Court has concluded that principles of comity, statutory construction, and judicial economy require this Court to vacate its January 9, 1989 ruling and remand this case to the Chancery Docket until such time as the Youth Court of Washington County, Mississippi, has completed its proceedings with reference to the subject child or at least until such time as the Youth Court proceedings do not constitute in effect an overlap of jurisdiction insofar as treatment to be accorded the subject child is concerned. Any judgment rendered by this Court with respect to the child would as a matter of law be subject to the exclusive jurisdiction of the Washington County Court insofar as the Youth Court is concerned. The action then shifted to the Youth Court.[5]
On April 18, 1989, Roy moved the Chancery Court to reclaim jurisdiction. On June 19, 1989, the Court entered its order denying the motion, and it is from this order that Roy appeals. In this posture, our concern is whether there was a final appealable judgment entered in Chancery Court. Our bedrock principle is that no appeal of right lies from a judgment which is not final. Sanford v. Board of Supervisors, 421 So.2d 488, 490 (Miss. 1982); Cotton v. Veterans Cab Co., 344 So.2d 730, 731 (Miss. 1977); Southern Saw & Mower Distributors, Inc. v. Dolmar North American Corp., 317 So.2d 400, 401 (Miss. 1975). The limited exception is Rule 5, Miss.Sup. Ct.Rules, which provides discretionary authority and criteria governing interlocutory appeals, but no one suggests we note those today.
Banks v. Banks, 511 So.2d 933, 934-35 (Miss. 1987) is of assistance. In Banks, the Court quoted at length the Comment to Rule 54, Miss.R.Civ.P., where various stages leading to an appealable final judgment have been explained and differentiated. The most significant distinction noted is that between a "decision" and a "judgment": "The decision consists of the *704 court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect." Comment, Rule 54, Miss.R.Civ.P., quoted in Banks, 511 So.2d at 935. Once the judgment has been drafted there still remains the ministerial act of entry of the judgment by the clerk of the court which is required in order that the judgment be "final" and thus "appealable". Banks, 511 So.2d at 935; see also O'Neill v. O'Neill, 551 So.2d 228, 231-32 (Miss. 1989); Sweet v. Luster, 492 So.2d 983, 984-85 (Miss. 1986).
In the case at bar, there was no judgment and no entry of that judgment, only a ruling by the Chancery Court and the denial of a motion which in effect was simply Roy's request that the Court proceed to try the matter. Thereafter, the Court denied Roy's motion that it "reclaim" jurisdiction from the Youth Court. We find nothing in the record suggesting entry of any final order or judgment disposing of the pending custody issues on the merits or otherwise. In this procedural state, this Court has no alternative but to dismiss the appeal and remand to the Chancery Court for such further proceedings, if any, as may be appropriate.
MOTION FOR ATTORNEY FEES DENIED; APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] This appeal is a companion case to In The Interest of T.L.C., 566 So.2d 691 (Miss. 1990), decided this day. The two cases were consolidated on appeal for purposes of briefing and argument.
[2] Teresa is presently Teresa Leviner Cortesi. She is not married to Roy Cortesi but to Tony Cortesi, Roy's nephew.
[3] Simultaneously, the Youth Court of Washington County was proceeding, see In Interest of T.L.C., 566 So.2d 691, and note 1 above, apparently without the knowledge of the Chancery Court.
[4] During the trial, the Chancery Court had excluded as evidence written hospital records of the emergency room treatment received by T.L.C. which gave rise to the abuse allegations on the basis of the physician-patient privilege. As T.L.C. was in the custody of Roy at the time of the hospital treatment, only Roy could waive the privilege for T.L.C.
[5] See supra, notes 1 and 3.