857 So.2d 64 (2003)
Dr. A.P. SORIANO, Appellant,
v.
Guy GILLESPIE and Guy Gillespie d/b/a Paradigm Access, Appellee.
No. 2001-CA-01874-COA.
Court of Appeals of Mississippi.
April 8, 2003.
Rehearing Denied July 22, 2003.
Certiorari Denied October 16, 2003.
*65 Laurel G. Weir, Philadelphia, attorney for appellant.
Donald L. Kilgore, Philadelphia, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. Dr. A.P. Soriano commenced a civil action in the Chancery Court of Neshoba County against Guy Gillespie, individually and doing business as Paradigm Access. *66 The chancellor concluded venue was improper and granted Gillespie's motion to dismiss. However, the chancellor gave Soriano the option to transfer the case to a proper venue or to dismiss it without prejudice. Before a final judgment was entered, Soriano commenced a separate action in the Circuit Court of Neshoba County and obtained a default judgment. Gillespie filed a motion to set aside the circuit court judgment and to dismiss the case. The circuit court set aside the default judgment and dismissed the case without prejudice, finding that jurisdiction was never acquired. Soriano appeals the circuit court's final judgment. Finding no error, we affirm.
¶ 2. In December of 1999, Soriano and Gillespie began negotiations for Gillespie's firm, TechSupp, Inc., to supply Soriano's medical practice with a physician practice management system that was Y2K compliant. Soriano purchased the system, obtained financing through BancorpSouth, and TechSupp installed the computer system prior to the end of the year.
¶ 3. Soriano quickly became dissatisfied with the performance of the computer system. On February, 21, 2000, Soriano filed suit in the Chancery Court of Neshoba County against Guy Gillespie, Millbrook Corporation and BancorpSouth, Inc. Soriano's complaint alleged that he was fraudulently induced to enter into the contract and requested cancellation of the contract and damages.
¶ 4. Gillespie responded by filing a motion to dismiss for improper venue. The chancellor announced from the bench that the motion would be granted, and he gave Soriano the option to transfer the case to a proper venue or to dismiss the case without prejudice. As directed, Gillespie prepared an order of dismissal and an order transferring the case to Lafayette County. Gillespie signed both of the orders and sent them to Soriano's attorney, Laurel Weir, to decide which order to enter. Neither order was ever executed by the chancellor or filed with the chancery clerk.
¶ 5. Thereafter, on October 30, 2000, Soriano filed a separate civil action in the Circuit Court of Neshoba County against Guy Gillespie, individually and doing business as Paradigm Access. In this complaint, Soriano alleged gross negligence and demanded substantial actual and punitive damages. Gillespie was served with the summons and complaint on November 3, 2000.
¶ 6. Gillespie did not immediately file a responsive pleading or answer the discovery. Gillespie contends that Weir, as Soriano's attorney, verbally agreed to an extension of time while they discussed settlement. The case was set on the court's docket for March 6, 2001. On March 4, 2001, Gillespie faxed an answer to the circuit clerk, but it was not actually filed with the clerk until March 7, 2001.
¶ 7. On March 6, 2001, Soriano filed a motion to strike the answer, a motion for writ of inquiry and a motion for default judgment. The circuit judge granted Soriano's motions, heard testimony on damages, and entered a default judgment against Gillespie in the amount of $123,708.38. Thereafter, Soriano began garnishment proceedings against Gillespie.
¶ 8. On September 10, 2001, Gillespie filed a motion to set aside the default judgment. Gillespie argued that the judgment should be set aside because: (1) the Chancery Court of Neshoba County still had jurisdiction because a final judgment was never entered; (2) Gillespie and Weir spoke about a possible settlement and orally agreed to an extension of time to respond; (3) Soriano sued non-existent parties, because Gillespie's name was spelled *67 incorrectly and the corporation was named Access Associates not Paradigm Access; and (4) Gillespie had no notice of the motion to strike his answer, writ of inquiry or motion for a default judgment.
¶ 9. At the hearing, the Neshoba County Chancery Clerk testified that the case styled "Dr. A.P. Soriano versus Guy Gillespie," filed February 22, 2000, was still an active chancery court case because no order was entered to dismiss or transfer the case.
¶ 10. The circuit judge concluded that the active chancery court case deprived the circuit court of jurisdiction and that the default judgment should be set aside. The circuit judge also ruled that proper notice had not been given for the motion to strike the answer and enter the default judgment. However, the court declined to rule on the other issues since jurisdiction was not proper. The circuit court dismissed the case without prejudice. From this judgment, Soriano appeals.

STANDARD OF REVIEW
¶ 11. "[T]he decision to grant or set aside a default judgment is addressed to the sound discretion of the trial court." Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992) (citing Pointer v. Huffman, 509 So.2d 870, 875 (Miss.1987)). The discretion must be exercised in conformity with the rules set forth in M.R.C.P. 55(c) and 60(b). Guar. Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987). This Court has also held that "[a]bsent abuse of discretion, we will not disturb the rulings of the trial court on a default judgment." Id.

ANALYSIS AND DISCUSSION OF LAW
I. WHETHER THE CHANCERY COURT OF NESHOBA COUNTY HAD PRIORITY JURISDICTION.
¶ 12. Soriano argues that there was a final judgment in the chancery court case because the chancellor orally ruled that it did not have jurisdiction and that venue was improper. Soriano claims the chancellor stated that the case would be dismissed unless a motion to transfer was made within thirty days. Soriano offers no authority or citation to the record to support his claim. "This Court has held that it is the duty of an appellant to provide authority and support of an assignment." Hoops v. State, 681 So.2d 521, 526 (Miss.1996); Kelly v. State, 553 So.2d 517, 521 (Miss.1989). "This Court has repeatedly held that failure to cite any authority may be treated as a procedural bar, and it is under no obligation to consider the assignment." McClain v. State, 625 So.2d 774, 781(Miss.1993).
¶ 13. Soriano's assertion is simply incorrect. According to the record before this Court, the chancellor did not conclude that it lacked jurisdiction. Instead, the chancellor ruled that venue was improper in the Chancery Court of Neshoba County. There is no support in the record for Soriano's assertion that the chancellor said that the case would be dismissed in thirty days. However, the record clearly indicates that the chancellor never entered a final order or judgment. The chancellor gave Soriano a choice between dismissal or transfer. It was up to Soriano to see that a final judgment was entered. No such judgment was ever entered.
¶ 14. Mississippi law has long held that judgments are not final until they are reduced to writing and signed by the chancellor before delivery to the clerk. Banks v. Banks, 511 So.2d 933, 934 (Miss.1987). "Every judgment is in the breast of the court until entered, and a judgment has no validity until written out and signed by the *68 chancellor." Id. (citing Orr v. Myers, 223 Miss. 856, 862, 79 So.2d 277, 278 (1955)).
¶ 15. In Banks, the supreme court carefully examined Rule 54 of the Mississippi Rules of Civil Procedure and relied on the Comment to Rule 54 to explain the distinction in the relevant terms. The Comment to Rule 54, in pertinent part, provides:
Although it is not specifically described in the rule itself, there are several stages that lead to the creation of a judgment that is final and appealable. It is important to differentiate the various steps that are part of this process. The first distinction is between the adjudication, either by decision of the court or a verdict of the jury, and the judgment that is entered thereon. The terms "decision" and "judgment" are not synonymous under these rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.
A second distinction that should be noted is between the judgment itself and the "filing," or the "entry," of the judgment. A judgment is the final determination of an action and thus has the effect of terminating the litigation; it is "the act of the court." "Filing" simply refers to the delivery of the judgment to the clerk for entry and preservation. The "entry" of the judgment is the ministerial notation of the judgment by the clerk of the court pursuant to Rule 58; however it is crucial to the effectiveness of the judgment and for measuring the time periods for appeal and the filing of various motions. [citations omitted].
The supreme court in Banks concluded that the oral pronouncement of a decision by the chancellor was not sufficient to constitute a final judgment. Banks, 511 So.2d at 935. Indeed, the entry of the judgment by the clerk of the court was required for the judgment to be final and appealable. Id.; see also O'Neill v. O'Neill, 551 So.2d 228, 231-32 (Miss.1989); Sweet v. Luster, 492 So.2d 983, 984-85 (Miss.1986). We find that the circuit court correctly found that no final judgment was ever entered in the chancery court case.
¶ 16. Next, we consider whether the chancery court had priority jurisdiction. The principle of priority jurisdiction provides that a controversy proceeds in the court of competent jurisdiction which first acquires the controversy, to the exclusion of jurisdiction in any other court. Huffman v. Griffin, 337 So.2d 715, 719 (Miss.1976). See Lee v. Lee, 232 So.2d 370, 373 (Miss.1970). "Priority jurisdiction between courts of concurrent jurisdiction is determined by the date the initial pleading is filed, provided process issues in due course." Euclid-Mississippi v. Western Casualty and Surety Co., Inc., 249 Miss. 547, 559-60, 163 So.2d 676 (1964). Accordingly, this doctrine prohibits a court from taking jurisdiction over a matter, involving substantially the same parties and subject matter, if another court has acquired jurisdiction. John Hancock v. Farm Bureau Insurance Co., 403 So.2d 877, 878-79 (Miss.1981).
¶ 17. The chancery court action was filed in February of 2000, and no final judgment was entered. This action was filed in circuit court while the chancery court case was pending. Since this is the same controversy involving the same parties, we find that the circuit judge correctly followed the doctrine of priority jurisdiction and determined that the circuit court lacked jurisdiction.
II. WHETHER IT WAS PROPER FOR THE CIRCUIT COURT TO SET ASIDE THE DEFAULT JUDGMENT UNDER M.R.C.P. 60(b).
*69 ¶ 18. A default judgment may be set aside under Rule 60(b), which provides:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken....
¶ 19. "Default judgments are never favored and relief should be granted when there is a showing within the rules." Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 135 (Miss.1993). A reversal of the grant or denial of a Rule 60(b) motion will only be done upon a showing of abuse of discretion. Moore v. Jacobs, 752 So.2d 1013, 1015(¶ 5) (Miss.1999). See also Briney v. United States Fid. & Guar. Co., 714 So.2d 962, 966(¶ 13) (Miss.1998). Further, "[w]hen ruling upon Rule 60(b) motions,... a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation.... [A] party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence, ignorance of the rules, or ignorance of the law is not enough." Moore, 752 So.2d at 1015(¶ 6) (citing Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)).
¶ 20. The circuit court stated that the judgment should be set aside pursuant to M.R.C.P. 60(b)(6). Soriano addresses only M.R.C.P. 60(b)(1) through (4) and does not address Rule 60(b)(6). Soriano fails to provide any authority as to how it was an abuse of discretion to set the judgment aside. Soriano argues that the motion to set aside the judgment was not filed within a reasonable amount of time. Soriano claims to be prejudiced by the delay solely because he had begun garnishment proceedings.
¶ 21. We conclude that this assignment of error lacks merit. While the circuit court relied on the "catch all" provision in M.R.C.P. 60(b)(6), it is clear that M.R.C.P. 60(b)(4) would allow a void judgment to be set aside. A judgments is void if "the court that rendered it lacked jurisdiction of the subject matter of the parties, or if it acted in a manner inconsistent with due process of law." Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986). As set forth above, the subsequent judgment in the circuit court was void because the chancery court had priority jurisdiction.
¶ 22. As to the contention that the motion was not timely filed, the supreme court has held that a delay in claiming that a judgment is void is not fatal to the claim: "The grant or denial of a 60(b) motion is generally within the discretion of the trial court, unless the judgment in question is found to be void." Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990). If the *70 judgment is void, the trial court has no discretion. The court must set the void judgment aside. Id. See also Sartain v. White, 588 So.2d 204, 211 (Miss.1991). Gillespie filed his motion to set aside the judgment just over six months after it was entered. Based on these facts, we find the circuit court did not abuse its discretion in determining that the motion was filed within a reasonable time.
¶ 23. Therefore, we find that the judgment entered by the circuit court is affirmed.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.