# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01529-SCT

*GREG BARNES, SR., ON BEHALF OF GREG
BARNES, JR., A MINOR*

*v.*

*JEFFERSON DAVIS COUNTY SCHOOL
DISTRICT; AND MINNIE RACHEL GRIFFITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2013 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| TRIAL COURT ATTORNEYS: | CHUCK R. McRAE |
| | CHRISTOPHER GREEN |
| | RAMEL L. COTTON |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID NEIL McCARTY |
| | CHUCK McRAE |
| | RAMEL LEMAR COTTON |
| ATTORNEY FOR APPELLEES: | RICHARD D. NORTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 04/16/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     A defendant's trial testimony referred to a document that should have been produced in discovery but was not. In view of this revelation, the plaintiff filed two post-trial motions: one asking for new trial, judgment as a matter of law, or to reconsider; and one asking for sanctions for the discovery violation. The trial judge granted the motion for a new trial and

recused from it, but he declined to rule on the sanctions issue, leaving that open for the next judge to determine. The defendants subsequently admitted liability, leaving damages the sole issue for the new trial. Now the plaintiff appeals, claiming the trial judge ruled on the case after he had recused from it. The plaintiff also argues that the trial court abused its discretion by not granting judgment as a matter of law as a sanction for alleged discovery violations. Finding no merit in either argument, we affirm the order of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 13, 2010, Greg Barnes Jr. ("Junior") was riding a Jefferson Davis County School District ("Jeff Davis") bus home from school. At one point the driver, defendant Minnie Rachel Griffin, stopped the bus on a bridge, got out of the bus with Junior, and held him over the edge of the bridge. After a brief exchange Griffin claims was just a joke, Griffin put the child back on the ground, the two boarded the bus, and the route finished without further incident. Jeff Davis superintendent Ike Haynes heard about the incident later that evening. The next morning Haynes met with Griffin to address the incident, and at that meeting, Griffin either quit or was fired.

¶3. On October 24, 2011, Greg Barnes Sr. sued Griffin and Jeff Davis on Junior's behalf, alleging that the incident had caused Junior to "suffer[] from various forms of mental anguish, including, but not limited to, nightmares, extreme fear and mental depression." Barnes Sr. also alleged that Junior had incurred medical expenses, and he demanded $5,000,000.

¶4.     Several different employee handbooks were mentioned during discovery, but neither defendant mentioned a handbook specifically for bus drivers until Griffin mentioned it in her trial testimony.  When she was asked about the handbook she previously had identified in her deposition testimony, the following exchange took place:

> Q. Is this the handbook you're referring to? [indicating the handbook shown to her in the deposition].
> A. No.
> Q. Ma'am?
> A. No.
> Q. That was the handbook that –
> A. School – school bus drivers have their handbooks, students got their handbooks and the other employees have handbooks.

¶5.     Barnes's counsel then objected to Griffin testifying about the bus-driver handbook, since that was the first time it had been mentioned, and the trial judge sustained the objection. The proceedings continued after that brief exchange, and the trial ended that day.

¶6.     On February 19, 2013, the trial court entered its opinion, ruling that Griffin and Jeff Davis were both immune from the Barnes's suit under the Mississippi Tort Claims Act and dismissing the action with prejudice.

¶7.     On February 27, 2013, Barnes filed a Motion for Judgment as a Matter of Law, to Reconsider, and/or for New Trial.  Barnes accused Jeff Davis and Griffin of admitting "on the morning of the trial that [the incident actually occurred]"[1] and complained about their "contrived failure to produce the drivers' handbook."  Barnes argued that *Pierce v. Heritage Properties*, 688 So. 2d 1385 (Miss. 1997), compelled the trial court to "strike the Defendants'

---

[1]We note that Griffin testified in her November deposition—two months before the trial—that she held Junior over the bridge as the complaint alleged.  Nonetheless, Barnes's motions and briefs repeatedly assert that this admission was made on the day of trial.

3

answers and render a default judgment against them and assess damages," and he also requested that the trial court "order that the handbook and or other documents be produce[d] forthwith and that in the alternative re-open the trial and take testimony concerning the false testimony given." The defendants responded to Barnes's motion, denying that there was any "contrived failure to produce the driver's handbook" and maintaining that "it is not uncommon for witnesses to give additional testimony at trial or to give testimony that is different than their previously sworn testimony."

¶8.     Also on February 27, 2013, Barnes filed a Motion to Alter and Amend the Judgment and to Compel Production of Documents and Sanctions. Barnes argued that he had "requested during discovery for [sic] any manuals, books, or instructions given to [Griffin], and [Jeff Davis] stated there was not any such book or manual." Barnes attached the defendants' discovery responses and Griffin's deposition testimony to his motion as support.

¶9.     Jeff Davis and Griffin responded to the motion, arguing that there was no misconduct on their part, and that their counsel was as surprised as anyone when Griffin testified at trial that she had seen another handbook besides the staff handbook. They also stated that their discovery responses were being supplemented to provide two documents that were found in post-trial research conducted because of Griffin's testimony: a 2008-2009 Bus Driver Handbook, and the Mississippi Professional Driver Manual, both of which were issued to Griffin. But they also argued that the new documents did not give rise to any "substantive issue[s] relating to the merits of this case."

4

¶10.    The trial judge held a hearing on the post-trial motions on August 5, 2013. After Barnes's counsel began his argument, the trial judge asked if defense counsel "believe[d] that there was a substantial material disclosure to the plaintiffs, any discovery, since the trial?" Defense counsel answered, "Yes, sir, Your Honor." The trial judge then granted the motion for a new trial, stating he did not need to know anything else.

¶11.    The judge continued:

> The plaintiffs did not have all of the information that they were entitled to before the trial occurred. And whether or not that substantial disclosure has any affect [sic] on the verdict, I can't say. I do know this: This Court now knows too much about the case to be fair. It would be an injustice to both parties if this Court continued to take any more issues under consideration or rule any further. I'm going to put you all back in the same position you were in before the trial. And I'm going to recuse myself based on the fact that once the testimony and evidence came to light, that the position of the Court was compromised. And there's no way, knowing what I know, that I could possibly disregard what my personal feelings are about the case since I've already rendered a bench verdict.

¶12.    Barnes's counsel urged the court to rule on the motion for sanctions, but the trial judge declined, stating that " it would be improper for this Court to rule on any issues any further based on what I know about the case and how my personal feelings would be impossible to ignore." Defense counsel then sought clarification, saying, "there are really three motions that the plaintiff has called forward today. One is a motion for JNOV and a motion to alter or amend the judgment. I believe the Court is ruling that – I take it that the Court is going to vacate the judgment, is that what the Court was saying?" The trial judge confirmed that he was vacating the judgment, and that he was transferring the trial to a different judge, or to a judge appointed by this Court, for the new trial. Defense counsel tried one more time

5

to get a ruling on the sanctions issue, but the judge replied "I would really like to, but for the third time I'm going to stand by my decision, and that is I'm not going to rule any further on anything."

¶13.    On August 19, 2013, two weeks after the hearing, the trial judge entered an order reflecting what he had ruled from the bench. That order listed the motions and their dispositions as follows:

> 1. That Plaintiff's Motion for Judgment as a Matter of Law is DENIED;
> 2. That Plaintiff's Motion for Reconsideration is DENIED;
> 3. That Plaintiff's Motion for New Trial is hereby GRANTED;
> 4. That the previous Opinion and Order of this Court, entered on February 19, 2013, is hereby VACATED;
> That the undersigned hereby RECUSES from further proceedings in this civil action . . . .

¶14.    The trial judge also entered an order specifically on the recusal, which was filed on August 9. That order of recusal stated, in pertinent part, that "Circuit Judge, Anthony Mozingo, *sua sponte*, [] hereby recuses himself from presiding *over the new trial* in this cause of action for reason of his prior involvement as judge in the first trial." (Emphasis added.)

¶15.    On October 4, 2013, the defendants filed a second motion to amend their answer and attached the proposed Second Amended Answer. The amended answer admitted that Griffin was negligent and that Jeff Davis was liable for the negligent actions of its employees and that a trial "should be held to determine the injury suffered by Greg Barnes, Jr. and the reasonable damages the minor child is entitled to."

6

¶16.    On November 27, 2013, this Court granted Barnes's petition for interlocutory review and stayed the trial-court proceedings.

## DISCUSSION

¶17.    Barnes makes two arguments on appeal.  The first is that the trial court erred by denying Barnes's motion for discovery sanctions, and the second is that the trial judge improperly ruled in a case from which he had recused.  We find that the sanctions issue is not properly before this Court because the trial court never ruled on that motion, and that the recusal issue is without merit because the trial judge did not rule on the case after he recused.

## I.    The issue of sanctions for discovery violations is not properly before this Court.

¶18.    Barnes argues that the trial court ruled on the discovery-sanctions issue when it denied the motion for judgment as a matter of law and argues that "the only possible cure is [for this Court] to enter judgment as a matter of law . . . ."  Though the record before us is void of any mention of monetary sanctions, Barnes's counsel explained at oral argument that he was seeking such sanctions; specifically, disgorgement of the attorneys' fees that have been paid to defense counsel.

¶19.    But the trial judge ruled only on the motion for a new trial, and he flatly refused to rule on the motion for sanctions.  Barnes is asking this Court to consider an issue on which the trial court has yet to rule, and "[w]e have been consistent in holding that we need not consider matters for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review."  *Alexander v.*

7

*Daniel*, 904 So. 2d 172, 182 (Miss. 2005). Because the trial court did not rule on this issue, it is not properly before this Court.

**II.      The trial judge did not rule in the case after he recused from it.**

¶20.    Barnes argues that the sequence of the trial judge's orders resulted in his ruling in the case after he had recused from it. This Court has held that "[i]t is fundamental that, once a recusal occurs, no judge may take further action in a case." *Mississippi Comm'n on Judicial Performance v. Osborne*, 16 So. 3d 16, 23 (Miss. 2009). "Having recused himself from a case, a judge has no more authority to take action in that case than does the ordinary citizen on the street." *Mississippi Comm'n on Judicial Performance v. Skinner*, 119 So. 2d 294, 300 (Miss. 2013).

¶21.    But here, the record is clear that the trial judge granted a new trial and recused from presiding over *that new trial*. In post-trial motions, Barnes asked the trial judge for one of three *alternative* dispositions: a new trial, reconsideration of the verdict, or judgment as a matter of law. Each was mutually exclusive of the other two, so granting any one of them necessarily meant denying the other two. Moreover, granting any one of the three motions meant vacating the previous order.

¶22.    Stated another way, three things happened *automatically* when the trial judge granted a new trial: (1) the previous judgment was vacated; (2) the alternative motion for reconsideration was denied; and (3) the alternative motion for judgment as a matter of law was denied. The only "ruling" issued by the trial judge after his recusal was an order memorializing the rulings he previously had made from the bench; he did not rule on the

8

sanctions issue or other additional issues. And importantly, our rules *require* the trial court to enter such an order. *See* Miss. R. Civ. P. 58 ("Every judgment *shall* be set forth on a separate document . . . .") (emphasis added); Miss. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes . . . any order from which an appeal lies."). *See also* **Banks v. Banks**, 511 So. 2d 933, 934 (Miss. 1987). As such, we find that the trial judge did not "rule" on anything after he had recused himself from the case going forward.

## CONCLUSION

¶23.    Both of Barnes's assignments of error are without merit. The trial judge did not "rule" on anything after he had recused. And the trial court never "ruled" on the issue of sanctions; the transcript clearly shows the trial judge declined to rule on such, and nothing in the record contradicts that. As such, that issue is not properly before this Court. We therefore affirm the order granting a new trial and denying judgment as a matter of law, and we remand this case to the Circuit Court of Jefferson Davis County for further proceedings.

¶24.    **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

9