## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2024-CA-00667-COA

LAWANDA HALL, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DONALD HALL, JR., DECEASED

APPELLANT

v.

TIM MITCHELL AND ALCORN COUNTY, MISSISSIPPI, BY AND THROUGH THE ALCORN COUNTY BOARD OF SUPERVISORS

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2024 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDRICKE LEMOYNE PEYTON |
| | JONATHAN TIDWELL |
| ATTORNEYS FOR APPELLEES: | ARNULFO URSUA LUCIANO |
| | DANIEL JUDSON GRIFFITH |
| | MCKENZIE W. PRICE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 09/16/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A man was killed after his motorcycle was hit by an SUV. The driver of the SUV claimed her view of the road was blocked by a county-owned truck. After a bench trial, the trial court found that the parked truck was not a proximate cause of the accident and that the driver of the truck was not liable. Finding sufficient evidence in the record to support the trial court's determination, we affirm.

### STATEMENT OF FACTS

¶2.     This lawsuit stems from a car accident that occurred in the middle of an intersection in Corinth, Mississippi. The accident involved an SUV driven by Margaret Bradley and a motorcycle operated by Donald Hall Jr. A security camera close to the intersection captured the sequence of events on the day in question.

¶3.     Alcorn County Board of Supervisors employee Tim Mitchell parked his county-issued Ford F-150 on the street in downtown Corinth and headed inside a restaurant for lunch. The truck was parked near a very busy intersection—well within the thirty-foot zone where cars are not allowed to park.

¶4.     Some time later, Margaret Bradley drove her SUV down the same street. The camera footage shows her coming to a full stop at the intersection next to Mitchell's truck. The footage then shows her slowly rolling forward into the intersection, which she later described as an attempt to see around the truck and other vehicles blocking her view.

¶5.     After several cars passed, Bradley accelerated into the intersection—and she immediately crashed into Donald Hall, who was riding a motorcycle. In the mere seconds of the collision, the footage shows Hall caught underneath the SUV before it rolls to a stop. Hall later died of his injuries.

**PROCEDURAL HISTORY**

¶6.     His widow, Lawanda, later filed a wrongful death suit against Bradley, and later included a claim against Alcorn County once Bradley claimed it was Mitchell's truck that blocked her view of the intersection.

2

¶7.     The trial court denied summary judgment, and the case proceeded to a hybrid trial—with a jury empaneled to adjudicate the claims against Bradley and the judge to sit as factfinder regarding any liability by Alcorn County.[1] Bradley settled partway after the trial started, leaving only Alcorn County and Mitchell as the remaining defendants.

¶8.     The trial court heard testimony from Bradley, Mitchell, an officer who responded to the scene, and an accident reconstruction expert. The court also received as evidence the surveillance camera footage, 3-D renderings in accident reconstruction, photographs from the scene of the accident, and complete transcripts of deposition testimony from Bradley and Mitchell.

¶9.     After a two-day bench trial, the court determined that Mitchell's parked F-150 truck was not an obstruction to Bradley's view of the motorcycle and that his parking was not a proximate cause of the accident. Consequently, the court entered its judgment adopting the proposed order submitted by Mitchell.

¶10.    In its ruling, the trial court found that Mitchell "ha[d] a duty that he owed to Ms. Bradley, to the general public, [and] to this community . . . to park his county truck safely" and "to not park in the road." But on the day of this accident, "he parked in the road" and

---

[1] Per state law, since Hall's claim was against a subdivision of the State, it was subject to the Mississippi Tort Claims Act. "[I]t shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment[.]" Miss. Code Ann. § 11-46-5. Claims under the MTCA "shall [be] hear[d] and determine[d]" by the trial judge "without a jury." Miss. Code Ann. § 11-46-13.

3

"breached his duty to the public for parking that way."

¶11.    Nonetheless, the trial court determined that "Mitchell's vehicle could not have obstructed Ms. Bradley's vision at the time she entered the intersection and collided with the motorcycle." It found, "Any obstruction to Ms. Bradley's view caused by the parked F-150 was effectively removed when Ms. Bradley rolled forward with caution to get a better view in front of the parked truck, at which point she was able to see." More specifically, as stated in the final judgment, the trial court determined that Mitchell's "parked F-150 was not in Ms. Bradley's line of sight" because she "had pulled in front of the parked F-150, with the front of her vehicle being between three (3) and four (4) feet past the front of the parked F-150 and with her seated position past its front windshield[.]"

¶12.    The court determined "[f]rom her actions in seeing vehicles approach and waiting for other vehicles to clear the intersection, it is clear that Ms. Bradley's view was not obstructed by the parked F-150." Instead, "it just so happened that right as [another passing] car was going in her vision, it blocked her view of the near-term motorcycle who was coming." So the "evidence indicates that the subject accident would have occurred whether or not Defendant Mitchell's vehicle was present."

¶13.    Consequently, the trial court found that Mitchell's parked truck "did not obstruct Ms. Bradley's vision of the approaching motorcycle" and "didn't have anything to do with that accident;" "nor did it cause or contribute to the subject accident in any way." The trial court concluded that "Bradley's negligence was an independent, efficient intervening cause that

4

led an unbroken sequence to the injury" and that Mitchell was not liable for Donald's injuries.

¶14. Aggrieved, Hall appeals.[2]

## STANDARD OF REVIEW

¶15. "Findings of fact by a trial judge after a bench trial are subject only to a limited scope of review if the trial judge applied the appropriate legal standard." *Younger v. Southern*, No. 2022-CA-01228-COA, 2025 WL 1165244, at *5 (¶17) (Miss. Ct. App. Apr. 22, 2025) (quoting *Crawford ex rel. Hodge v. East Miss. State Hosp. Inc.*, 397 So. 3d 871, 877 (¶¶20-21) (Miss. Ct. App. 2024)), *mot. for reh'g filed* (June 27, 2025). This Court "will not disturb a circuit court's fact findings after a bench trial unless they are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *Phillips v. City of Oxford*, 368 So. 3d 317, 323 (¶20) (Miss. 2023) (quoting *City of Jackson v. Powell*, 917 So. 2d 59, 68 (¶34) (Miss. 2005)).

¶16. "[T]he circuit court, in its role as the finder of fact, has 'the sole authority' for assessing witness credibility," and "resolv[ing] conflicts in the evidence[.]" *Id.* at 323, 326

---

[2] A significant portion of the briefing on appeal concerned the County's argument that lead counsel for Hall was not properly admitted *pro hac vice* before this Court. The County filed a motion to strike both Hall's notice of appeal and principal brief. On March 31, 2025, a panel of this Court found that Hall's lead counsel "failed to comply with Rule 46(b)(5)(xii), which requires an attorney to provide" the local member of the Mississippi Bar who is associated with the appeal. *See* MRAP 46(b)(5)(xii). However, the order continued, "Nonetheless, we find this error to be procedural in nature, and that the appellees did not suffer prejudice as a result. We also find that [the lawyer's] amended verified application for admission *pro hac vice* is well taken," so the motion to strike was ultimately denied.

5

(¶¶20, 33) (quoting *City of Jackson v. Brister*, 838 So. 2d 274, 279 (¶19) (Miss. 2003)). On appeal, "[w]e must examine the entire record and must accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." *Id.* at 326-27 (¶33) (quotation mark omitted) (quoting *Univ. Med. Ctr. v. Martin*, 994 So. 2d 740, 746 (¶24) (Miss. 2008)).

## DISCUSSION

¶17.    On appeal, Hall seeks reversal based on five points. Three attack the trial court's finding of fact that the County was not liable for the death of Donald. One challenges the admission of the accident reconstructionist's testimony. Last, Hall asks whether "the trial court err[ed] in adopting verbatim and entering as its final judgment the findings of fact and conclusions of law proposed by the County Defendants where such findings of fact and conclusions of law were highly gratuitous and were not the product of the trial court's independent judgment and adjudicatory process[.]" Finding no error, we affirm.

> **I.      There was sufficient evidence to support the trial court's ruling on the element of proximate cause.**

¶18.    For ease of review, we combine Hall's issues I, III, and IV.[3] There is sufficient

---

[3] The issues are listed in her brief as follows:

I.      Did the trial court err in allowing and relying on testimony at trial that tended to shift blame to an unknown non-party where there was no substantial evidence to support a finding of negligence on the part of the non-party, and such testimony had no probative value to the issue

evidence from the video footage and Bradley's testimony to support the trial court's finding of fact that the County's improperly parked vehicle was not a proximate cause of the accident.

¶19.    "Negligence is established by showing four elements: duty, breach, causation, and damages." *Demoney v. Gateway Rescue Mission*, 304 So. 3d 652, 657 (¶16) (Miss. Ct. App. 2020).

¶20.    The trial court found that Mitchell owed a duty not to park in a way that obstructed a view of the intersection and that by parking his County truck, he breached that duty. So two of the predicate elements of negligence are not in dispute.

¶21.    Once the elements of duty and breach are established, "[t]he question then becomes

---

of the Defendants' negligence and fault and was unfairly prejudicial to Plaintiff?

. . . .

III.    Did the trial court err in finding for the County Defendants based on its finding that the negligence of their employee was not the proximate cause or sole cause of the accident where such finding: (a) constitutes a clear error of law because, in negligence cases, there can be more than one proximate contributing cause of an accident, and (b) is against the overwhelming weight of substantial, credible evidence establishing that the negligence of the county employee was a proximate contributing cause of the accident, and the only evidence presented at trial to support the finding was the purely speculative and unreliable opinion testimony of the County Defendants' expert?

IV.    Did the trial court err in failing to make a determination of fault and apportion a percentage of fault to all parties pursuant to Miss. Code Ann. § 85-5-7(5) and make a specific finding of damages?

7

one of causation." *Smith v. Minier*, 380 So. 3d 889, 894 (¶15) (Miss. 2024). "Causation, as an element of a wrongful death claim, is an essential finding[.]" *Younger*, 2025 WL 1165244, at *5 (¶17) (quoting *Crawford*, 397 So. 3d at 877 (¶¶20-21)).

¶22.    To prove liability, "the negligence complained of shall be the proximate cause, or at least a directly contributing cause, of the death which is the subject of the suit." *Id*. The act of "negligence, *and not something else*, must have been the cause which produced or directly contributed to the death." *Id*. (emphasis added).

¶23.    Of note, throughout the record, there appear to be interchanging references about what duty Mitchell owed—whether it was a statutory duty or a common law duty of care. But these inconsistencies are immaterial under the facts of this case. Regardless of whether Hall's theory of negligence was based on a statutorily imposed duty or a common law duty, Hall must still establish the element of proximate cause. *See Simpson v. Boyd*, 880 So. 2d 1047, 1052-53 (Miss. 2004) ("Even if a defendant breaches a statutory duty . . . the plaintiff must still show that the violation proximately caused the injury").

¶24.    Hall argues Mitchell is liable for Donald's fatal injuries because the circumstances in which Mitchell parked his F-150 contributed to Bradley's negligent driving and the subject accident. She claims his truck created a visibility hazard at the intersection and obstructed Bradley's view of incoming traffic.

¶25.    Bradley testified in her deposition "that she had pulled in front of the parked F-150 so as to have a clear line of sight and that *she did not find her vision to be obstructed at the*

8

*time*." (Emphasis added). The trial court later summarized her testimony that "she thought she could see" and "that she did, in fact, see both of the prior two (2) vehicles that had come through the intersection from the same direction that the motorcycle eventually approached from."

¶26. The video footage reveals that moments before she entered the intersection, another vehicle drove by directly in front of her. Seconds later, as Bradley was already speeding into the intersection, Bradley crashed into Donald on his motorcycle. The video footage and deposition testimony are substantial evidence supporting the trial court's ruling.

¶27. "Our familiar standard of review requires that when a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings." *Jackson Pub. Sch. Dist. v. Smith*, 875 So. 2d 1100, 1102 (¶9) (Miss. Ct. App. 2004) (quoting *Ezell v. Williams*, 724 So. 2d 396 (Miss. 1998)). To reiterate, "even if a party is negligent, he is not liable to the plaintiff unless the negligence is 'the proximate cause of the injury.'" *Knox v. Mahalitc*, 105 So. 3d 327, 329 (¶7) (Miss. Ct. App. 2011) (quoting *Utz v. Running & Rolling Trucking Inc.*, 32 So. 3d 450, 466 (¶41) (Miss. 2010)).

¶28. Although the trial court found that Mitchell parked improperly, the court sitting as the finder of fact ultimately determined this was not a proximate cause of the collision. After reviewing the record, we find there is substantial evidence to support the finding that Mitchell's truck was not a proximate cause.

¶29. Nonetheless, Hall claims that Mitchell's truck was a contributing factor in Bradley's accident with Donald's motorcycle. In the alternative, Hall further claims the trial court failed its legal duty to apportion fault.

¶30. Mississippi uses a comparative negligence system. *See* Miss. Code Ann. § 11-7-15 (Rev. 2019). And the determination of comparative negligence is one for the jury or factfinder. *See McLaughlin v. N. Drew Freigh Inc.*, 249 So. 3d 1081, 1085 (¶14) (Miss. Ct. App. 2018). "When a plaintiff's injuries are brought about by the actions of *multiple* tortfeasors, a defendant's negligence is considered the cause in fact if it 'was a substantial contributing factor in bringing about the harm.'" *Sharrieff v. DBA Auto. Two LLC*, 242 So. 3d 944, 948 (¶12) (Miss. Ct. App. 2018) (emphasis added) (quoting *Glenn v. Peoples*, 185 So. 3d 981, 986 (¶19) (Miss. 2015)). "However, comparative negligence only applies where there is more than one proximate cause." *McDaniel v. Ferrell*, 232 So. 3d 814, 819 (¶16) (Miss. Ct. App. 2017).

¶31. Here the trial court made a finding of fact that the County truck was not a proximate cause. Therefore, there was no need to apportion fault to the County.

¶32. When ruling from the bench, the trial court stated,

> This is what I saw. This is what I—the facts that I found. And I don't like it.
> I feel sorry for you guys. . . . The simple fact is, she had a problem with the
> view, she corrected it by moving forward and waiting for the vehicles to clear,
> and then she accelerated. He may have had something to do originally, but he
> didn't have anything to do with that accident and her impatience, desire to get
> across that stop sign.

¶33. Our standard of review is deferential to these findings of fact. The trial court, sitting

as factfinder, determined the county truck—while technically breaching a duty by virtue of its improper parking—was not a proximate cause. We cannot say this was improper. *See Maxwell v. Panola County*, 404 So. 3d 1173, 1180 (¶42) (Miss. Ct. App. 2023) ("It is well established that the circuit court has the sole authority for determining the credibility of witnesses when it sits as the trier of fact").

## II. The trial court's admission of expert testimony was not error.

¶34. The second issue Hall raises relates to the accident reconstructionist's expert testimony. Because we have found there is sufficient evidence to support the trial court's finding of fact that the County's truck was not a proximate cause, we need not reach whether the expert's proof was inadmissible.

¶35. As the County argues, "Mississippi recognizes and allows the use of accident reconstruction experts at trial." *Thompson v. Holliman*, 283 So. 3d 718, 722 (¶14) (Miss. 2019) (quoting *Poirrier v. Degrande*, 604 So. 2d 268, 270 (Miss. 1992)). "[A]ccident-reconstruction experts are permitted to give their opinions on 'how an accident happened, the point of impact, the angle of travel, the responsibility of the parties involved or the interpretation of photographs." *Id*. at 725 (¶27) (quoting *Hollingsworth*, 465 So. 2d at 314). And "a properly qualified and examined expert witness could provide testimony on issues of ultimate fact regarding the cause of car wrecks without invading the jury's province—essentially placing accident reconstructionist experts on equal footing with other experts." *Id*. at 722 (¶16) (quoting *Denham v. Holmes ex rel. Holmes*, 60 So. 3d 773, 785

11

(¶44) (Miss. 2011)).

¶36.　Hall does not challenge the expert's qualifications. Rather, she "objected to Brady McMillen being permitted to testify as an expert witness as to the opinions set forth in his expert report. Plaintiff clarified that the objection did not pertain to Mr. McMillen's qualifications to testify as an expert and that there was no dispute that Mr. McMillen was qualified as an expert in accident reconstruction. Rather, Plaintiff objected on the grounds that Mr. McMillen's opinions were not expert opinions." Therefore, Hall instead dislikes the conclusions the expert witness reached.

¶37.　But once expert testimony is admitted, it is the finder of fact who weighs its credibility and determines its use, if any. "The weight and credibility of expert testimony are matters for determination by the trier of fact." *Banks ex rel. Banks v. Sherwin-Williams Co.*, 134 So. 3d 706, 711 (¶14) (Miss. 2014) (quoting *Hubbard ex rel. Hubbard v. McDonald's Corp.*, 41 So. 3d 670, 675 (¶19) (Miss. 2010)).

¶38.　Here, the trial court based much of its decision *not* on the testimony of the accident reconstructionist, but on the video footage and the testimony of Margaret Bradley. We therefore find no error.

### III.　The trial court's adoption of proposed findings of fact and conclusions of law was not error.

¶39.　Hall argues on appeal that the trial court's order should be reversed, at least in part, because it was prepared by counsel for the defense and "improperly adopted by the trial court as its own[.]" She further argues that "a comparison of the findings and conclusions

12

contained in the order and those in the trial transcript make it clear that the findings and conclusions submitted by the County Defendants are not the product of the trial court's independent judgment and adjudicatory process." To some extent, Hall also protests what she perceives as differences between the trial court's bench ruling and the written order.

¶40.   This does not require reversal. Even if the written order deviated from the bench ruling, it is of no matter since a bench ruling is not a final judgment. "Mississippi's longstanding rule is that a court's written decision trumps its oral one." *Hill v. Hinds County*, 237 So. 3d 838, 844 (¶21) (Miss. Ct. App. 2017) (citing *Banks v. Banks*, 511 So. 2d 933, 935 (Miss. 1987) (addressing when judgments were final in a chancery dispute)). As the Supreme Court ruled in *Banks*, "every decree is in the breast of the court until entered and a decree has no validity until written out and signed by the [judge]." *Banks*, 511 So. 2d at 934 (quoting *Orr v. Myers*, 223 Miss. 856, 862, 79 So. 2d 277, 278 (1955)); *see also Waite v. Adkisson*, 282 So. 3d 744, 749 n.4 (Miss. Ct. App. 2019) (finding that despite a special master's use of the phrase "preliminary injunction," the written order stated it was permanent, so "the court's written order granting a permanent restraining order is controlling"); *Haynes v. State*, 250 So. 3d 1241, 1244 n.2 (Miss. 2018) (finding a written order sentencing a defendant to three years controlled over an oral pronouncement of a six-year sentence).

¶41.   As to the trial court's adoption of the proposed order, our rules both recognize and codify this process.  Uniform Civil Rule of County and Circuit Court Practice 1.11 governs presentation of orders to the trial court and sets out:

With the exception of default or agreed orders and judgments, all proposed orders and judgments to be signed by the court shall be submitted directly to the court by an attorney and not through the clerk or through correspondence, unless otherwise permitted by the court. All orders or judgments presented to the court shall be signed by the attorney presenting the same.

Likewise, "[a] proposed order shall accompany the court's copy of any motion which may be heard ex parte or is to be granted by consent." UCRCCC 4.02(1).[4]

¶42.    At the conclusion of trial, and after issuing a bench ruling finding the County was not the proximate cause of Hall's death, the trial court told counsel for the defense, "If you'll get me an order to that matter," then "[w]e'll have the record." This conforms with longstanding practice and our rules. As to the contents of the order prepared by defense counsel, the Mississippi Supreme Court has declared that "we shall continue to apply the familiar abuse-of-discretion standard to a trial judge's factual findings, even where the judge adopts verbatim a party's proposed findings of fact." *Bluewater Logistics LLC v. Williford*, 55 So. 3d 148, 157 (¶32) (Miss. 2011) (abandoning a prior test that gave less deference to counsel-drafted findings of fact). Also, the advisory committee note to Mississippi Rule of Civil Procedure 52 addresses findings by the trial court and sets out that "[a] trial court has discretion to adopt a party's proposed findings of fact and conclusions of law."

---

[4] This also conforms with historical practice in Mississippi, for as was explained in *Banks*, judgments can be "of such an elaborate and flexible character that the drawing of them is not, as at law, a mere ministerial matter to be left to the clerk, but they *must be drawn up in writing by the solicitors* and signed by the chancellor before delivery to the clerk, and that a decree has no validity until so written out and signed." *Banks*, 511 So. 2d at 934 (emphasis added) (quoting V. Griffith, Mississippi Chancery Practice § 621 (1950)).

14

¶43. And in the end, it is the trial court that decides whether to endorse the previously drafted document with the judge's signature, one of the "several different stages that lead to the creation of a judgment that is final and appealable." MRCP 54 advisory committee note.

¶44. Having explained *supra* why there was substantial evidence to support the trial court's conclusion that the county truck was not a proximate cause of the collision that led to Donald Hall's death, we find no error in the trial court's adoption of the prepared order.

## CONCLUSION

¶45. For the reasons stated above, we find no error and affirm.

¶46. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., WESTBROOKS AND McDONALD, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**